PAUL WENDELL v. PENNSYLVANIA RAILROAD COMPANY.

The declaration showed that plaintiff was in a subway beneath the track of the defendant, both defendant and plaintiff knowing that the earth on the sides and top of the subway was liable to cave in when jarred by the passing trains. The plaintiff was doing work beneficial to the defendant, but it did not appear that he was in the employ of the company. Under these circumstances, the defendant promised to give plaintiff notice of the approach of its trains, which it failed to do, and, consequently, the plaintiff was injured. *Held*, in this statement a legal cause of action was shown.

In tort.    On demurrer to declaration.

Argued at November Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Voorhees & Booraem.*

For the demurrant, *William S. Gummere.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    From the argument advanced in the brief of the counsel of the plaintiff, as well as the authorities cited in its support, it is manifest that the present action is the ordinary one of an employe claiming damages resulting from the negligent performance of a duty due to him from his employer.    But this is an entire misconception of the legal effect of the facts stated in this declaration, which has been demurred to by the Pennsylvania Railroad Company, one of the three defendants.

The case made by the pleading may be thus summarized, viz.: It states that the two railroad companies—that is, the Pennsylvania and the Central roads—were engaged in excavating a tunnel or subway beneath their tracks where they intersected in the city of Elizabeth; that the plaintiff was in the service of one Monroe, who is the third defendant in this suit, and, as such employe or servant, was, in the language of the count, "in said subway or excavation, beneath said tracks, at the intersection thereof as aforesaid, engaged in removing said earth," &c.

From this statement, it will be observed that it is not shown that either the plaintiff or the defendant Monroe, for whom he worked, was the servant of the railroads, or either of them.    They were engaged in constructing the subway, which was beneficial to the corporate defendants, but it does not appear in what capacity or at whose instance they were so employed.    If the plaintiff in truth was, either directly or indirectly in the service of the Pennsylvania company, it

is an important fact and cannot be injected into the count by conjecture. As the fact of service is not averred, in accordance with the usual rule of pleading, it must be inferred that such was not the case. By virtue of the maxim, "*quod non apparet non est,*" both the plaintiff and Monroe, in working upon the excavation in question, must be regarded as volunteers, and in view of that theory the plaintiff's rights must be adjusted.

The other pertinent averments in the count are to the effect that, by reason of the running of trains of cars, the earth in the excavation was so jarred as to be in danger of caving in, and thus injuring the plaintiff, and in that situation, the defendants, again using the language of the pleader, " undertook and promised said plaintiff to well and sufficiently protect said excavation or subway while the plaintiff was employed therein, with shore-braces or other contrivances, so as to render the same safe, and further undertook and promised to warn and notify him of the approach of their said engines and trains, &c., so that he might withdraw from the said excavation or subway until after the passage of the same."

Then follows a statement of the tortious conduct of the defendants, in substance as follows, viz. : That the defendants, notwithstanding their aforesaid promises, negligently and wrongfully neglected to protect this excavation by shore-braces or other contrivances, and failed and neglected to warn the plaintiff of the approach of trains, and negligently and improvidently caused said engines and trains to approach and pass over said point of intersection of their tracks at a high rate of speed, so as greatly to jar and disturb the earth, and did thereby cause a great amount of earth, &c., to cave in and fall upon the plaintiff, &c.

In answer to the cause of action thus exhibited, it is contended that the undertaking to give notice of the approach of trains, &c., is not founded on any legal consideration, and is therefore *nudum pactum.* This may be so, but how does that circumstance affect this suit? This proceeding is not

for the purpose of enforcing any contract between these parties; it is in tort, and sets up the misconduct of the defendants, the gravamen being that they negligently ran their trains over this subway, and thence came the hurt of the plaintiff. The situation then is this: The plaintiff was lawfully in this subway and with the assent of these companies; both they and he knew it was a place of danger when trains passed over it, and he had been assured by them that he would be warned of their approach; with this knowledge the companies ran their trains without the promised notice, and thereby the injury was inflicted that forms the foundation of the action.

The court is of opinion that this act of these companies was actionable negligence. The plaintiff had a legal right to rely on the assurance made to him that notice of a coming train would be given to him, and the companies were aware that he was relying on such assurance, and that, consequently, they could not, in the absence of notice, pass their trains over the place in question without subjecting him to danger; and to maintain that under such conditions no action will lie, is to enunciate the doctrine that a person can, with impunity, do an act in violation of his own promise which is likely to, and which does, inflict an injury upon another. Such a principle, we think, is unknown to the law. In order to manifest the fallacy of the contention that, in this case, there was no legal responsibility, as the promise to give notice of the approach of trains was a nullity, being without consideration, we have but to intensify the juncture by supposing the plaintiff to have been in such a situation that his life must have been sacrificed by the running of a train without premonition of its approach; for it will scarcely be pretended that if the defendants had moved a train without notice and taken the life of this plaintiff, that they could have defended a charge of homicide on the ground that their promise to give the notice in question was merely *nudum pactum*.

The declaration in this case has been carelessly framed, so much so that certain imperfections in it have been observed

that might have proved fatal if they had been pressed. Not being within the ground of demurrer assigned, they have not been considered.

Unless defendant pleads *de novo*, let plaintiff take judgment.