[Louisville & Nashville Railroad Co. v Anderson, Administrator.]

# Louisville & Nashville Railroad Co. v. Anderson, Administrator.

*Action for Damages for Death of Employe.*

(Decided April 11, 1907.   43 So. Rep. 566.)

1. *Master and Servant; Injuries to Servant; Action; Evidence.*— Evidence that the decedent, who was killed while working in a cinder pit, had been cautioned by the foreman of the gang, was competent on the issue of the decedent's negligence vel non.

2. *Same.*—It is competent for the railroad to show by a member of the gang working with decedent in the cinder pit, what was the duty of persons at such work when an engine was approaching and also to show the instructions given by the foreman under such conditions.

3. *Same.*—It was competent for the railroad to show that when the engine approached the pit where it struck decedent it gave signals by blowing the whistle and that these signals were for the purpose and were the signals to warn the men in the pit of its approach and decedent was aware of this.

4. *Death; Damages; Duration of Life; How Computed.*—The question of the probable duration of life is not conclusively determined by the mortality tables, in calculating the damages awarded for the killing of a person, on the question of his probable duration of life; the person's general health, avocation and habits are also competent evidence in this connection.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action begun by Charles Anderson as the administrator of Gus Petty against the L. & N. R. R. Co. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The case made by the various counts in the complaint is that Gus Petty, the deceased, was in the employ of defendant, and in the discharge of his duties in the line of his employment was in a cinder pit on a side track near defendant's main line in the town of New Decatur,

engaged in throwing out cinders from said pit, and without notice or warning and without fault on his part, an engine operated, controlled, and propelled by James Cunningham, was backed over the intestate, and intestate was so badly crushed that he died. The negligence is laid in the first count to James Cunningham, another employee of defendant, intrusted by it with the charge or control of the engine, in backing the engine a great distance beyond the regular stopping place without giving any signal or warning of the approach of the engine. This is the allegation of negligence, also, in the second and third counts. The fourth count alleges the negligence in a person unknown to plaintiff. The fifth count alleges a negligent order given by one Duderer, who had charge and control of plaintiff's intestate and of Cunningham, and to whose orders intestate and Cunningham were bound to conform. The sixth count alleges the negligence to Duderer in causing the engine to be moved too far back without signal or warning of approach. Count 7 is practically the same. The ninth count alleges the negligence to Duderer, and sets up wanton and wrongful conduct on his part. The tenth count is under the fifth subdivision of the employer's liability act, and alleges the negligence to Duderer, who had charge or control of a signal switch point, etc., in negligently signaling the engine to come back, knowing that the intestate was in the pit. Pleas of contributory negligence were filed to all the counts, except to those in wanton conduct, alleging that intestate was guilty of contributory negligence, in that the pit in which he was working was three or four feet deep, and he could, by stooping down and permitting the engine to pass over him, have avoided the injury; but that he negligently attempted to crawl out of the pit between the wheels, or between the pilot and the front wheels, of a moving engine, through a space that would have been difficult to have passed through without being squeezed, had the engine been still. The other pleas alleged that signals of approach were given, that intestate had been warned when these signals were given to get out of the pit, and that after

the signals had been given. intestate had ample time to
have gotten out of the pit, but negligently remained
therein until he was struck.   Other pleas alleged his
negligence to consist jointly in the failure to stoop and
avoid the injury and in attempting to get out when the
engine was close upon him, and his failure to get out
after hearing the signals.   There were also pleas of as-
sumption of risk, in that intestate knew the danger in-
cident to the employment and assumed risk.   The facts
are substantially those made by the allegation of the
complaint for the plaintiff, and those set out in the pleas
of contributory negligence for defendant.   The evidence
discussed in the opinion is sufficiently set out therein.
The court's oral charge is sufficiently set out.   There
was verdict for the plaintiff in the sum of $800.

H. C. Thatch, and John C. Eyster, for appellant.—
The court erred in refusing to allow it to be shown that
the signals given by the engine on approaching the pit
were for the purpose of warning the men in the pit and
that the intestate knew this.—*M. L. C. & Ry. Co. v.
Chambliss,* 97 Ala. 171: *R. & D. R. R. Co. v. Bivins,* 103
Ala. 142; 122 Ala. 231; 115 Ala. 389.   It was competent
for appellant to show whether or not Jim Cunningham,
who was on the engine, was required to obey Duderer's
orders and as contradicting Ed Reeves.—91 Ala. 496;
97 Ala. 194.   The oral charge of the court on the meas-
ure of damages recoverable by appellee was not in har-
mony with the law.—*M. L. & C. Ry. Co. v. Chambliss,
supra;* 95 Ala. 397: 105 Ala. 607; 114 Ala. 519; *R. R.
Co. v. Wilmer,* 97 Ala. 165.   Charge 1 should have been
given.—*Roach's Case,* 110 Ala. 267; *L. & N. R. R. Co.
v. McAdory,* 109 Ala. 636; 99 Ala. 438; 107 Ala. 626;
116 Ala. 360.   Charge 3 should have been given.—105
Ala. 368: 111 Ala. 275: 113 Ala. 509: Dressers' Employ-
ers Liability, pp. 521-22.   Charge 6 should have been
given as to count 9.—90 Ala. 11; 110 Ala. 16; 114 Ala.
131.   Charge A should have been given.—*Davis v.
Western Ry. of Ala.,* 18 South. 173; *L. & N. R. R. Co.
v. Orr,* 91 Ala. 548: *R. & D. R. R. Co. v. Bivins, supra;
Railroad Co. v. Holborn,* 84 Ala. 137.   On the same au-

[Louisville & Nashville Railroad Co. v. Anderson, Administrator.]

thorities charge D should have been given. The court erred in giving charge 2 for plaintiff.—*L. & N. R. R. Co. v. Hall,* 87 Ala. 120.

J. C. KING, and THOMAS C. McCLELLAN, for appellee.—Under Jim Cunningham's testimony it was a fact to be determined by the jury whether or not defendant was guilty of wanton negligence.—*Southern Ry. Co. v. Shelton,* 136 Ala. 191. Charge 3 refused to defendant was properly refused as it was a question for the jury under the evidence as to who was in charge of the engine.—*L. & N. R. R. Co. v. Richards,* 100 Ala. 232. Charge Y was properly refused for the same reason.— *L. & N. R. R. Co. v. Goss,* 137 Ala. 319. The court properly gave charges 2 and 4 for plaintiff.—*L. & N. R. R. Co. v. Thornton,* 117 Ala. 282.

DOWDELL, J.—The complaint, as originally filed and as amended, contained 16 counts. A number of these counts were eliminated in various ways, and, while the record before us is not free from some confusion in its makeup, yet it appears that the case was tried on issues made by pleas numbered from 1 to 7, inclusive, as amended, to counts 9, 10, 11, 12, 13, 14, and 16, as amended. The defenses set up by these pleas were the general issue and that of contributory negligence.

Under the issues in the case and in the light of the evidence introduced by the plaintiff, it was competent for the defendant to show by the witness John Cooper, on his cross-examination, that the deceased was cautioned by one Gallagher, who was foreman of the gang crew, working in the cinder pit, where the deceased was at work at the time of his injury. It was likewise competent for the defendant to show by the witness Amos Anderson, who worked in the cinder pit with the deceased, what was the duty of the employee at such work when an engine was approaching, and also to show the instructions given by the foreman of the gang when an engine approached. It was likewise competent for the defendant to show by the witness Charles Roberts that,

23 R

as the engine which struck the deceased approached the pit where the deceased was at work, it gave signals by blowing the whistle, and that these signals were for the purpose of warning the men in the pit of its approach, and that the deceased knew this.

It was averred in the defendant's pleas of contributory negligence that the deceased, after seeing the engine approaching him, had time and opportunity of escaping in safety from the pit before it reached him. Under this averment it was competent to show by the witness John Gordon that the deceased had time, after seeing the engine approaching him, to get out of the pit in safety.   The witness Jackson Orr, in the absence of Gallagher, was boss of the pit gang, and should have been permitted to testify as to the duties of the deceased while working in the pit when an engine approached. It was competent for the defendant to show whether or not Jim Cunningham, the hostler, who was on the engine, was required to obey the instruction of Duderer. The plaintiff had introduced evidence by one Ed Reeves that it was Cunningham's duty to obey said Duderer, and it was certainly competent for the defendant to contradict this witness by other competent evidence.

The court in its oral charge to the jury instructed the jury "that, if they found that the plaintiff was entitled to damages, they might calculate on such sum as, being put to interest, will each year, by taking a part of the principal and adding it to the interest, yield one-half of plaintiff's intestate's wages per annum, and as that the whole remaining principal at the end of 19.49 years, added to the interest on this balance for that year, will equal one-half of plaintiff's intestate's wages for that year, so there would be of the principal nothing left at the end of the 19.49 years." This part of the court's oral charge was excepted to by the defendant.   While the bill of exceptions does not so state, yet it is admitted by the appellant that the American Mortality Tables were introduced in evidence.   But it is contended by appellant that the court erred in assuming and so stating to the jury that the deceased's life

expectancy was 19.49 years. We think the court erred in this part of its oral charge. As was said by this court in the case of *Mary Lee Coal & Ry. Co. v. Chambliss*, 97 Ala. 171, 11 South. 897, these tables (mortality) "are not conclusive upon the question of the duration of life, but they are competent to be weighed with other evidence. The physical condition of the injured person at the time of and next preceding the injury, his general health, his avocation in life, with respect to danger, his habits, and probably other· facts, properly enter into the question of the probable duration of life." The same principle was declared in the case of *Birmingham Mineral Railroad Co. v. Wilmer*, 97 Ala. 165, 11 South. 886.

While there is some conflict in the evidence as to whether the engine, when approaching the pit, came to a full stop at the first water plug which was about 25 feet from where the deceased was at work in the cinder pit, yet the evidence is without conflict that signals by blasts of the whistle were given by the approaching engine and that the deceased saw the engine approaching; that those who were at work with the deceased in the pit got out of it; that he (deceased) was told by his coworkers and ordered by the boss to get out of the pit, and all of this in ample time for him to have escaped in safety, and thereby avoided the injury, yet he remained in the pit, continuing to work, until the engine came upon him, when he attempted to escape by jumping out of the pit, notwithstanding the fact, even at this critical time, he could have saved himself from injury by stooping down in the pit and allowing the engine to pass over him, as he had done on former occasions. Under this undisputed evidence, we can see no escape from the conclusion that the deceased, as matter of law, was guilty of the negligence which contributed proximately to the injury which resulted in his death, and the court, as requested in writing by the defendant, should have so charged the jury.

There was no evidence showing that the injury complained of was wantonly inflicted. For the errors point-

ed out, the judgment of the court must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.

