# Louisville & Nashville Railroad Company *v.* Young.

## *Damages for Death of Employe.*

(Decided Dec. 19, 1907. 45 South. 238.)

1. *Master and Servant; Injury to Servant; Proximate Cause; Contributory Negligence.*—Where subsequent negligence is relied on for recovery after contributory negligence on part of plaintiff, it is incumbent upon plaintiff to show that after becoming aware of plaintiff's peril the employe to whom negligence is charged failed to exercise due care and diligence to avert injury and that as a proximate consequence thereof injury resulted.

2. *Negligence; Last Clear Chance.*—The contribtuory negligence that would bar a recovery when liability is sought to be fixed by subsequent negligence is such negligence on the part of the ininjured party as is concurrent with or subsequent to the subsequent negligence of the party charged.

3. *Master and Servant; Injury to Servant; Contributory Negligence; Discovered Peril.*—The duty of one in charge of an engine to use all appliances known to stop the engine to avert the injury after discovery of peril of the party injured is not met by proof of good faith and honest intention to do so as an answer to the imputation of simple negligence.

4. *Same; Question for Jury.*—Whether or not the engineer as a reasonably prudent operative was negligent in signalling the approach of his engine was under the evidence in this case a question for the jury with the plaintiff carrying the burden.

5. *Same; Knowledge of Danger.*—To constitute a good count predicated on the subsequent negligence of an employe after contributory negligence of the injured party it must be alleged that the party charged with such negligence, or his servant, knew of the perilous position or knew that by his conduct he was probably about to be imperilled and that the party charged with negligence was negligent in not averting injury, and that the injury was the proximate consequence of such negligence.

6. *Same; Instruction.*—A charge asserting that unless the jury were reasonably satisfied that defendant's engineer knew of the peril or impending danger of the person injured and failed to exercise due care to avert the injury and fatal injury resulted from that negligence, plaintiff could not recover, correctly stated the law.

7. *Railroads; Injury to Persons on Track; Care Required.*—The negligence which constitutes liability for injury to a person on track consists in a failure to perform the duty to use promptly every appliance at hand known to prudent men to stop the engine, and not in the ultimate effect produced on the movement of the engine by the efforts of the engineer.

APPEAL from Morgan Circuit Court.

Heard before Hon. OSCEOLA KYLE.

Action by Roberta G. Young, administratrix, against the Louisville & Nashville Railroad Company. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

For the facts in this case see *L. & N. R. R. Co. v. Banks,* 132 Ala. 471, 31 South. 573.

J. M. FALKNER, GEORGE W. JONES, and JOHN C. EYSTER, for appellant. The demurrers to count 3 as amended and to count A should have been sustained.—*L. & N. R. R. Co. v. Crawford,* 89 Ala. 240; *Gothard v. A. G. S. R. R. Co.,* 67 Ala. 114; *Glass v. M. & C. R. R. Co.,* 94 Ala. 481; *L. & N. R. R. Co. v. Lee,* 136 Ala. 182; *Southern Ry. Co. v. Bunt,* 131 Ala. 595; *Perkins v. Bir. South. R. R. Co.,* 132 Ala. 469; *L. & N. R. R. Co. v. Mitchell,* 134 Ala. 261. The court erred in sustaining plaintiff's demurrers to pleas Nos. 40 and 41.—*McCauley v. T. C. I. & R. R. Co.,* 93 Ala. 357; *L. & N. R. R. Co. v. Thornton,* 117 Ala. 274; *Helton v. Ala. Mid. Ry. Co.,* 97 Ala. 275. The demurrer to defendant's rejoinder to plaintiff's replication should have been overruled.—*Markee's Case,* 103 Ala. 160; *H. & B. R. R. Co. v. Swope,* 115 Ala. 303. The effect of what McDermott did would be admissible to show his intentions.—*Richardson v. Stringfellow,* 100 Ala. 416. There was nothing in the evidence to support the charge of willfulness or wantonness on the part of McDermott.—*Markee's Case, supra; H. & B. R. R. Co. v. Sampson,* 91 Ala. 562; *M. & C. R. R. Co. v. Martin,* 117 Ala. 367.

W. W. CALLAHAN, and E. W. GODBEY, for appellee. The failure of the engineer to do all in his power to stop after becoming apprised of the peril of Lawrence ren-

ders the appellant liable independently of the engineer's belief in the efficacy of the measures adopted, his good faith, the absence of any intent to injure; or the lack of actual knowledge as to the precise position of Lawrence under the tender.—*Glass' Case,* 94 Ala. 591; *Land Co. v. Campbell,* 121 Ala. 50; *Birmingham Ry. & Electric Co. v. Pinkard,* 124 Ala. 374; *Jones v. A. M. L. Co.,* 107 Ala. 400; *A. G. S. R. R. Co. v. Burgess,* 119 Ala. 555; *Belt R. R. v. Swope,* 115 Ala. 287; *Sou. Ry. v. Bryan,* 125 Ala. 297; *L. & N. v. Stutts,* 105 Ala. 368; *Ga. R. R. v. Lee,* 92 Ala. 272; *Baker's Case,* 132 Ala. 507; *McDonald's Case,* 112 Ala. 216;; *Tibbs' Case,* 111 Ala. 449; *Orr's Case,* 121 Ala. 489. McDermott's failure to instantly try to stop, after knowledge that Lawrence was in a position of peril, was the proximate cause of the latter's death and not his action, previous to any default of Lawrence's in getting into the perilous situation. —*R. R. Co. v. Marbury,* 125 Ala. 237; *C. Ry. Co. v. Lamb,* 124 Ala. 172.

McCELLLAN, J.—The salient facts of this case may be found set forth in *L. & N. R. R. Co. v. Banks, Adm'r,* 132 Ala. 471, 31 South. 573. It was then ruled that the complaint charged simple negligence only, and on the succeeding trial below it does not appear to have been altered in that respect. Since Lawrence, the intestate, was palpably guilty of initial negligence in heedlessly stepping on the track in front of the approaching engine (we include the attached tender in the term), the only theory on which plaintiff could recover was that afforded by the asserted subsequent negligence of Engineer McDermott resulting in the fatal injury of intestate after he passed beneath the engine. And to sustain this theory it was incumbent upon the plaintiff to establish to the reasonable satisfaction of the jury first, that af-

ter becoming aware of intestate's peril the engineer failed to exercise due care and diligence to stop the engine and avert injury to him; and, second, that as the proximate consequence of this negligence, if found, Lawrence was injured to his death. It necessarily follows that the initial negligence of Lawrence could not operate to bar a recovery under the doctrine of contributory negligence, because the causation present in his initial negligence was, in the event, interrupted by the alleged subsequent negligence of the engineer, and that initial negligence became the remote cause or condition of his fatal injury, and the subsequent negligence, if the fatal injury attended it, the proximate cause thereof. In other words, the burden assumed by the plaintiff carried the obligation to remove the taint of the initial negligence of Lawrence by sustaining to the requisite degree the charge of the subsequent negligence of the engineer, and also the essential condition to a recovery, viz., that the fatal injury was the proximate result of the subsequent negligence stated. If the initial negligence could be invoked to defeat a recovery, notwithstanding the subsequent negligence of the party charged, and to which latter negligence the injury is ascribable for its proximate cause, the fundamental principle in the law of negligence to liability, viz., proximate cause, would be denied effect. Of course, we do not intend to be understood as asserting that contributory negligence may not intervene to bar a recovery when subsequent negligence is pleaded to fix liability. But we do propose to hold that, to constitute contributory negligence to defeat a recovery, it must be such negligence on the part of the injured party as is subsequent to or concurrent with the subsequent negligence of the party charged. For instance, if, after the injured party and the party charged have become aware of the imperiled situation of the former, the for-

mer fails to conserve his own safety as due ca:c and diligence requires, and this negligence on his part is subsequent to or concurs with that of the party charged. and the injury proximately results therefrom, the negligence of the injured party is contributory, and he cannot recover. These propositions are sustained by the following authorities: *L. & N. R. R. Co. v. Brown,* 121 Ala. 221, 25 South. 609; *Central of Ga. R. R. v. Lamb,* 124 Ala. 172, 26 South. 969; *Railroad v. Webb,* 97 Ala. 308, 12 South. 374; *L. & N. R. R. Co. v. Hurt,* 101 Ala. 34, 13 South. 130; *Burgess' Case,* 116 Ala. 509, 22 South. 913; *Johnson v. Railway Co.,* 149 Ala. 529, 43 South. 35; *Foshee's Case,* 125 Ala. 226, 27 South. 1006.

If the contention of appellant's counsel is that initial negligence is contributory negligence barring a recovery, unless the injury is wantonly or willfully inflicted—that one who is primarily in fault in placing himself in a position of peril cannot recover for an injury suffered, unless the injury is the proximate consequence of the wanton or willful misconduct of the party charged— the insistence is answered and refuted in the authorities cited. The *Mitchell* (134 Ala. 261, 32 South. 735) and *Haley* (113 Ala. 640, 21 South. 357) Cases, asserting, if, indeed, they do, the principle appellant contends for, and collating the earlier decisions in support thereof, have been many times in effect qualified in respect of the necessity, in order for the plaintiff, initially negligent, to recover, that his injury must have proximately resulted from the willful or wanton misconduct of the party charged. There can be no doubt, on this record, that McDermott, the engineer, was aware of the intestate's peril when he saw him in the act of going upon the track in front of the approaching engine. The duty of the engineer was, then, to do all in his power, to use all appliances at hand promptly and in proper order, known to

prudent and skillful engineers, to stop the engine, not only with a view to averting an injury, but to prevent an aggravation of it. Good faith and honest intention or belief may be potent in determining whether a wrong is the result of willfulness or wantonness, but it is not availing to refute an imputation of negligence, because, while good faith and honest intention or belief must characterize the performance of the duty, it is the act itself, and not the intent, that denominates acts or omissions as negligent.—Authorities supra; *Birmingham Ry. & Elec. Co. v. Pinckard,* 124 Ala. 372, 26 South. 880; *Campbell's Case,* 121 Ala. 50, 25 South. 793 ( 77 Am. St. Rep. 17.

Though this was the engineer's duty, we cannot affirm, as a matter of law, that it was or was not his duty, as well, to expend his energy and time in giving the warning signal, that Lawrence, then imperiled or about to become so, might bring into play his powers to conserve his own safety. That was a condition of negligence vel non of the engineer, and whether he was so or not was an inquiry for the jury under all the circumstances of the event. It is conceivable that the moments vital to life or limb might be vainly wasted by the devotion of energy and time to signals, rather than to the application of agencies at hand to stop a moving engine. But it is also clear that an engineer in charge of an engine moving toward one in peril does not perform his duty if he gives no warning signals to awaken or quicken the party in peril to the natural impulse, as well as the legal duty, to conserve his own safety, unless it was reasonably apparent from the situation presented to the engineer as one ordinarily prudent and skillful in that station that to warn would be unavailing. Whether, in this case, the engineer, as a reasonably prudent and skilled operative, was or was not negligent in sounding the

alarm as and for such time he did was for the jury, with the burden to establish it to their reasonable satisfaction resting on the plaintiff. If the proximity of the intestate to the moving engine was such as to hold out no reasonable hope to a reasonably prudent and skillful engineer that the intestate would not be stricken before the warning could be given, or that by devotion of time and energy to signaling that the danger to him would be irretrievably enhanced without justifying a reasonable belief that, though warned, the intestate could, before being struck by the engine, exert his powers to conserve his own safety, that would be negligence; and if· delay in the application of the agencies to stop the engine, under these circumstances, resulted in the fatal injury to intestate, and the injured party was not derelict in his duty to conserve his own safety, the defendant would be liable, because the only possible purpose in signaling is to warn, and thereby call upon the imperiled party to take up his duty to save himself, and if a reasonably prudent engineer would have, from the circumstances and situation presented to this engineer, concluded that the stage for the warning to conserve its purpose had passed, or would probably do so before the warning could be given or become effected by action by the imperiled party, then it was the duty of McDermott to have foregone it, and have, instead, directed his energies and time to stopping the engine.

Under our lax rule for ordinary averments of negligence, the first count is sufficient; and those counts predicating liability upon alleged subsequent negligence of McDermott seem to have been amended to sufficiency. Where the count undertakes to set forth the facts leading to asserted liability as for subsequent negligence, it must appear from them that the party charged, his agent or servant, knew of the perilous situation of the injured

party, or that by his conduct he was probably about to become imperiled, that the party charged was negligent in the performance of his duty to avert injury to him, and that the injury complained of was the proximate consequence of such negligence. The trial court properly, in many special charges given for defendant, instructed the jury that if the fatal injury was produced by the impact or contact of the engine with the body of Lawrence before, by the exercise of due care and diligence, the engine could have been stopped after the engineer became aware of Lawrence's peril or impending peril of Lawrence, and after that knowledge failed to exercise due care and diligence to avert the injury to him, and the fatal injury proximately resulted from that negligence, the plaintiff cannot recover. And again, if from a consideration of all the evidence the jury are not reasonably satisfied that the fatal injury was produced by the engine after it should have been stopped by the exercise of the care and diligence stated, the plaintiff is not entitled to recover. Of course, if no agency or power known to prudent and skillful engineers could have. availed to stop the engine sooner than it was stopped, then the engineer was not negligent, and the defendant is not liable. As indicated by what we have said, the judgment must be reversed.

The court in its oral charge said: "If you find that the engine was not stopped as soon as it could have been stopped, and that deceased came to his death, not because of being knocked down, but because of being rolled, pushed, dragged, and mashed after being knocked down, and because of said engine not being stopped as soon as it could have been, then, if you find this to be true, your verdict should be for the plaintiff." This extract, excepted to and assigned as error, clearly hypothesizes the legal duty on the engineer to have been to

stop the engine, and a failure thereunto to constitute negligence to liability. This is not the law. The rule for duty and diligence in such cases as this is that the operative in charge must use promptly and in order every appliance at hand known to prudent and skillful men likewise employed to stop the engine, though, upon conditions we have stated above, he must also warn the imperiled person. The negligence to liability consists in a failure to perform the duty declared, and not in the ultimate effect produced on the movement of the engine. If the duty in the premises is performed, no negligence is imputable, notwithstanding other means might have resulted in a quicker stop. The quoted excerpt takes no account of the performance of the duty, but declares liability upon the unqualified failure to stop the engine sooner. Indeed, the jury might have been convinced that every element of duty had been met by the engineer, and yet, under the charge, if the engine was not stopped as soon as it might have been, they were directed to find for the plaintiff, if the injury was inflicted after the engine could have been stopped. It misdeclares the duty as a predicate for negligence, and is error to reversal. Besides, the extract pretermits, in hypothesis, the condition to the duty—the knowledge of the peril or its impendency.

Under the views stated, the pleadings should be, on the trial to be had, reduced in volume and number to conform to the real merits of the case. All evidence bearing upon the inquiries whether the injury occurred in one or the other of the Decaturs, whether rules of the company were violated or existed, or whether the intestate knew of them, is not material to the issue which must decide the liability vel non of the defendant. Nor do we see how the question of the asserted dereliction of the intestate in conserving his own safety can be prop-

erly injected into the case, for the reason that from the record as it now appears the defendant's liability, if at all, must arise from negligence intervening after Lawrence had passed beneath the moving tender and was without opportunity to do anything to save himself, or even to minimize his danger. The jury issues would seem to be only negligence vel non of the engineer after becoming aware of Lawrence's pril, and, if found, whether the fatal injury proximately resulted from such negligence; the burden in both instances being on the plaintiff. The general and familiar rules of evidence should serve a sufficient guide to control the admission and exclusion of testimony in proof or disproof of these issues. Mortality tables are evidence merely and to the extent and for the purposes stated in *L. & N. R. R. Co. v. Anderson,* 150 Ala. 350, 43 South. 566.

It is not necessary to pass on other errors assigned. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, SIMSPON, and ANDERSON, JJ., concur.