[Southern Railway Company v. Cooper.]

# Southern Railway Company *v*. Cooper.

## *Injury to Servant.*

(Decided April 6, 1911.   55 South. 211.)

1. *Pleading; Complaint; Amendment.*—Where the original com-plaint undertook in separate counts to set up a cause of action un-der the employer's liability act for injuries to a railroad employee struck by an engine while crossing the track to deliver orders to other employees, an amended complaint alleging in one count the negligent conduct of the engineer to one unrelated in employment to the company at a highway crossing, and in another count based on the same circumstances, but averring facts within sub-division 5, section 3910, imposing liability for injuries caused by the negligence of an employee controlling an engine or train, did not change the cause of action within the rule that a new cause of action is not set up by amendment where substantially the same facts are plead-ed, and a recovery on the amended complaint would bar recovery on the original complaint.

2. *Negligence; Contributory Negligence; Defense.*—Contributory negligence is defensive matter which must be pleaded, and a plain-tiff suing for a negligent injury need not negative his own negli-gence.

3. *Railroad; Crossing Accidents; Contributory Negligence; Discov-ered Peril.*—Where an operator of an engine was culpably negli-gent in omitting to conserve the safety of a person on the track, after discovery of his peril, the negligence of such person on the track was but a condition on which the negligence of the engineer operated to afford the proximate contributing cause of the injury, authorizing a recovery.

4. *Master and Servants; Injury to Servant; Variance.*—Where one sues for personal injury on the theory that he was a stranger to the defendant, he cannot recover on proof that he was a servant of the defendant.

5. *Same.*—Where the complaint ascribed plaintiff's injuries to the negligent running of the engine against him it is not supported by proof that he was struck by an abnormal projection from the engine as it overtook him; under such a state of facts the complaint should aver that those operating the engine knew of the projection, or were negligent in not discovering it, by reason of which the en-gine's zone of danger to one beside the track was extended beyond that of a normal engine, and that the plaintiff's injury was a prox-imate result of some breach of duty under the employer's liability act.

6. *Same; Operation; Violation of Ordinances.*—Statutes and mu-nicipal ordinances passed for the conservation of the safety of the public at public places along a line of railway do not include em-ployees of a railroad company.

[Southern Railway Company v. Cooper.]

7. *Same; Employer's Liability Act.*—To impute negligence to the master under sub-divs. 1 and 5, section 3910, Code 1907, for the wrongful act of one in charge of an engine defective because containing an abnormal projection, it must be shown that the operator of the engine knew of the defect, or was negligent in failing to discover its existence.

8. *Same; Complaint.*—A general averment of negligence in a complaint in an action for injuries to a servant does not state a cause of action based on sub.-div. 1, section 3910, Code 1907.

9. *Same; Contributory Negligence; Jury Question.*—Where in the performance of his duties a railway employee walked along the track clear of the zone of a normal engine, though within 24 inches of the outer normal line of the engine, and was struck by an abnormal projection from an engine, the question of contributory negligence is for the jury.

10. *Same; Negligence.*—Where the person in charge of an engine knew of the abnormal projection from the engine whereby the danger zone was extended, and was aware of the presence of an employee, walking beside the track within the danger zone caused by the projection, and it was apparent that such employee was not conscious of his danger, it was the duty of the person in charge of the engine to sound an alarm, or to resort to the appliances provided to stop or check the engine, or both, and if he fails to do so, he is guilty of actionable negligence.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Richard L. Cooper against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The original first count was as an employee injured by being struck by an engine while attempting to cross the track to deliver orders to other employees. The second count was for negligently running the engine against the crossing without giving the signal required. The third count was practically the same as the second, as is the fourth. The amended first count is as follows: "Plaintiff claims of the defendant the sum of $25,000 as damages, for this: That defendant is a corporation, and on, to wit, the 4th day of May, 1906, and prior thereto, was, and now is, the owner of a railroad track in the corporate limits of the city of Tuscumbia, Ala., and over which said track the defendant ran and now

[Southern Railway Company v. Cooper.]

runs an engine and cars; that said track at the time mentioned was laid in the public street in the city of Tuscumbia, Ala., and ran east and west, or nearly so; that the said street was a public thoroughfare of said town, used by pedestrians and persons and vehicles; that on the 4th day of May, 1906, the plaintiff was lawfully walking east along the side of said railroad track in a public street crossing in said city, preparatory to crossing the same at a public street crossing within the limits of said town of Tuscumbia, Ala., a station on defendant's said railway, and defendant's agents and servants were engaged in running and operating an engine upon and over said railroad and along said street, and so negligently and carelessly conducted themselves in and about the operating of said engine that the said engine was caused to run against said plaintiff at said street crossing, striking him, and throwing him on the said track of said railroad, and causing the said engine to pass over the leg of plaintiff, whereby his leg was crushed and mangled, and it became necessary to amputate one of his legs, and for most of the time since said injury plaintiff has been confined to his bed and room, and plaintiff has suffered great physical and mental pain, and has been rendered permanently crippled." Count 6 is practically the same as count 1, except that it is amplified as to how the accident occurred, and as to the character and extent of the injury and special damages, with these additional averments: "And plaintiff avers that said injury was caused by the negligence of defendant; that the defendant, by its agent or agents, was negligently operating along said track a locomotive that was defective and dangerous; that said locomotive, or that part thereof called the tender, was provided with an iron step, which is attached to and properly hangs under said tender; that

said step was of great length, to wit, two feet; that the same was bent out of place and twisted, and projected some distance beyond the edge or side of said tender and said track and over the street, and the same was dangerous to passengers on said street. Plaintiff avers that he was walking along said track in said public street, where he had a right to be, and at such a distance therefrom that he would not have been struck by an ordinary locomotive and tender, and would not have been struck by said locomotive or tender at the time, but for the said bent or twisted step which extended outside the said track when he was struck by said step on the tender as the locomotive passed him, and was injured as aforesaid. And plaintiff avers that at the point where he was struck and injured as aforesaid there was a public thoroughfare, to wit, Water street crossing Fifth avenue, and he was at the time he was injured in said street crossing. Plaintiff further avers that, at the time he was injured as aforesaid, he was an employee of the defendant, and engaged in delivering orders to make up crew for its train, and he was then and there engaged in his said duties."

PAUL SPEAKE, for appellant. The first count of the complaint, original and as amended, was subject to the demurrers interposed.—*Glass' Case*, 94 Ala. 581; *T. C. I. & R. R. Co. v. Hansford*, 125 Ala. 349; *Anniston E. & G. Co. v. Elwell*, 144 Ala. 317; *Birmingham Ry., L. & P. Co. v. Jones*, 45 South. 177. The demurrers to count 6 and the demurrers to the whole complaint after amendment, should have been sustained because of a departure. The court erred in sustaining demurrers to plea 8.—*First Nat. Bank v. Nelson*, 139 Ala. 539. The answer of the witness Gill should have been excluded as it was a mere conclusion, and the question was subject

to the objection interposed.—*Central of Ga. v. Martin,*
138 Ala. 531; *So. Ry. Co. v. McGowin,* 149 Ala. 440.
Section 20 of the Code was not admissible in evidence
as the ordinance does not include railroad employees.
The court erred in its general charge.—*So. Ry. v. Gullatt,* 43 South. 577; *So. Ry. v. Stewart,* 45 South. 51;
*Bowers' Case,* 110 Ala. 328; *Burson's Case,* 116 Ala.
198; *L. & N. v. Lewis,* 141 Ala. 466 . The court was in
error in its charge as to the measure of damages.—*L. &
N. v. Anderson,* 43 South. 566; *Cen. of Ga. v. McNabb,*
45 South. 222. Charge 32 should have been given.—
*B'ham Ry., L. & P. Co. v. Bynum,* 139 Ala. 389; 46
South. 262. Charge 59 should have been given. Also
charges 47, 48 and 60.—*A. G. S. R. R. Co. v. McWhorter,* 47 South. 84; *Fulton's Case,* 43 South. 832. Counsel discuss other refused charges, but without further
citation of authority.

JAMES JACKSON and GEO. P. JONES, for appellee. The
demurrers to the complaint were properly overruled.
The allegation that the negligent injury was inflicted
at a railway crossing imposed a duty on those in charge
of the engine to keep a lookout, and to safeguard the
plaintiff, and with this duty alleged, general averments
of negligence were sufficient, and under such a complaint recovery may be had, though the plaintiff was
guilty of negligence in the first instance, as his negligence was only a condition on which the negligence of
the defendant operated to proximately cause the injury.—*Foshee's Case,* 125 Ala. 217; *Brantley's Case,*
141 Ala. 614; *Brown's Case,* 152 Ala. 115; *Stewart's
Case,* 153 Ala. 132. The engineer was operating a
switch engine along that point, and he is presumed to
know the conditions which prevailed there.—*Partridge's Case,* 136 Ala. 587; 50 South. 276. There was

no duty on the plaintiff to anticipate the engineer's negligence and he was in no wise guilty of contributory negligence.—*Hyatt's Case,* 151 Ala. 355; *Jones' Case,* 143 Ala. 328; *Brantley's Case,* 141 Ala. 614. The admission of the mortality tables was not error.—*Phillips' Case,* 98 Ala. 159. Counsel discuss other assignments of error relative to evidence and to the charges but without further citation of authority.

McCLELLAN, J.—This case was tried on counts 1 and 6 as last amended.

The original complaint, consisting of four counts, undertook to declare on a cause of action, in varying forms, under the employer's liability act (Code 1907, § 3910).

Subsequently, and against defendant's (appellant's) objection, on the ground of departure, plaintiff (appellee) was allowed to amend his complaint by filing a new count (1) wherein the gist of the action was injury, due to negligent conduct or omission of defendant's servants on the engine, to a person unrelated in employment to defendant on a highway upon a public crossing thereby of a railway. Further amending his complaint, against defendant's objection, on the same ground as was opposed to the allowance of the new first count, the plaintiff was allowed to state his case in an amended count 6. This count followed new count 1 in the allegation of the circumstances attending the injury, but the addition by amendment of the clause to follow effected to bring the count under the influence of subdivision 5 of the liability act. "Plaintiff further avers that at the time he was injured as aforesaid he was an employee of the defendant and engaged in delivering orders to make crew for its train and he was then and there engaged in his said duties." Hence there was no

semblance of departure from the original complaint. Nor was there a departure effected—a change of cause of action—by the rewriting of count 1.—*Ala. Con. C. & I. Co. v. Heald,* 154 Ala. 580, 45 South. 686. That decision establishes this test of the propriety of the allowance of an amendment under our statute, even before the last codification, and gives such allowance the effect, in relation back to the institution of the suit, to avoid the running of the statute of limitation, viz., that the amendment declare on a cause of action that would be barred by the recovery on the cause of action described in the original pleading, and vice versa. There are decisions, delivered here, opposed in principle and doctrine to the test expressed, as stated, in the *Heald Case,* but these cases must be taken as not in accord with the doctrine now established and settled in this court.

An insistence for appellant, predicated on grounds of demurrer taking the point, is that the counts show plaintiff to have been guilty of contributory negligence.

It is not the duty of such a plaintiff to negative his negligence. Contributory negligence is matter of defense, and must be pleaded.

Under these counts, the plaintiff might, let us assume, have been guilty of negligence in being where he was, when and as he was, with the engine approaching, and yet the defendant's servants might have been culpably, proximately, negligent in omitting to conserve his safety after discovery of his peril. And, if so, the negligent act or omission of the plaintiff became the condition upon which the subsequent negligence of the defendant's servants operated to afford the proximate cause of the injury.—*L. & N. R. R. Co. v. Young,* 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301, among many other of our adjudications cited therein. Besides

the general issue, the contributory negligence set up was this: That plaintiff stepped on the track in front of a dangerously near and approaching locomotive; that he did not stop, look, and listen before doing so; that he so subjected himself to injury notwithstanding the bell on the engine was ringing; that he walked so dangerously near the track on which the engine was approaching and did pass as that he was stricken by the engine. The evidence showed, without conflict, that plaintiff was an employee of the defendant, and was, when injured, in the performance of his duties as a "caller" of train crews at a division point. Count 1, as before stated, proceeds on the theory that plaintiff was, when injured, a stranger in respect of service to the defendant.—*Wendell v. Penn. R. R. Co.*, 57 N. J. Law, 467, 31 Atl. 720.

One injured cannot sue as a stranger and recover on proof showing he was a servant of the master whom he impleads, any more than a stranger to the service of the master may sue as his servant and recover.—*Choate v. A. G. S. R. R. Co.*, 170 Ala. 590, 54 South. 507. The elements and measure of duty are in each case different, distinct.

The statutes and municipal ordinances conservative of the safety of the public at defined public places along the railway do not include those in the service of the master.—*L. & N. R. R. Co. v. Holland*, 164 Ala. 73, 51 South. 365. At common law, the servant assumes certain risks, for the consequences of which, to his injury, he cannot recover of the master; whereas, if the stranger be not a trespasser or licensee, and be not guilty of contributory negligence, but, on the contrary, is, when injured, where he has a right to be, he assumes no risk of injury from the instrumentalities in use of the railway.

[Southern Railway Company v. Cooper.]

Having constructed count 1 on the theory indicated and his proof showing him to have been, when injured, in the service of the defendant, there was a fatal variance, because of which defendant was entitled to the general charge, as to count 1, requested by it. Its refusal was error.—*Choate v. A. G. S. R. R. Co., supra.*

Count 6, as last amended, ascribes plaintiff's injury to the negligent running of the locomotive upon and against plaintiff, who, the amendment to this count recites, was then in the service of the defendant, and then performing the duty of that service.

According to the plaintiff's theory of fact as to the means of his injury, he was overtaken by the locomotive, and solely because it was defective in the particular that a step leading into the gangway, between the engine proper and the tender, was out-bent a foot or more beyond the normal sweep of engines of that type, and he was struck in the back or side by the projection, and thrown beneath the wheels of the running engine. It is not to be doubted, as upon the evidence adduced for plaintiff, that but for the out-bent step he would have escaped contact with the engine. We do not think such evidence tended to support the count last mentioned. The negligent running of an engine is not the legal equivalent of the negligent running of a defective engine. Under the plaintiffs' theory of fact, it was the engine's defect that produced his injury.

Viewing the case solely upon the plaintiff's stated theory of fact, it is evident, we think, that plaintiff's pleading should have, if variance was to be avoided, been constructed, in separate counts, upon these respective theories leading, if established, and, if the plaintiff was not guilty of contributory negligence, to liability. First, it should have been averred that the operatives in control of the locomotive knew of its de-

fect, or were negligent in not discovering it, whereby the engine's zone of danger, to one beside the track on which it was running, was extended beyond that of a normal engine, and, being so informed, negligently operated that locomotive to plaintiff's injury; or, second, that his injury was the proximate result of coalescing breaches of duties under the first and fifth subdivisions of the employer's liability statute.—*L. & N. R. R. Co. v. Fitzgerald,* 161 Ala. 397, 405, 406, 49 South. 860; *Bridges v. Tenn. Coal Co.,* 109 Ala. 287, 19 South. 495.

The mere presence of a defect in the condition of the ways, works, machinery, etc., does not alone render the master negligent. It must have arisen from or not been discovered or remedied owing to the negligence of the master or of some one intrusted by him with the duty of seeing that the ways, etc., were in proper condition. That is the substance of the language of our statute. From this statute-fixed premise it must result that in order to impute negligence to the master, through the wrongful act or omission of one within the terms of the fifth subdivision of the statute, because of the negligent handling of the defective instrumentality, that person must have known of the defect, or must have been negligent in the discovery of the existence thereof. If not so, the master would be rendered liable notwithstanding the absence of negligence, in respect of knowing or discovering the defect, of the servant in control of the instrumentality, and notwithstanding the statute's provision that a master is not liable unless the defective condition arose from or was not discovered or remedied owing to the negligence of the master or of his employee instructed as the statute prescribed.

A general averment of negligence cannot avail to meet or to avoid the requisites of good pleading of a cause of action essentially based upon the first subdivis-

[Southern Railway Company v. Cooper.]

ion of the statute. To permit it would emasculate the statute in the particular stipulating against liability of the master.

Looking to another trial of this cause, we have carefully reviewed the evidence upon the question of contributory negligence of the plaintiff as pleaded below. If he did not, without due care, step upon the track in front of the approaching engine and thereby invite his injury, and bar his recovery, unless those in charge of the engine were negligent after discovery of his peril (*L. & N. R. R. Co. v. Young,* 153 Ala. 232, 45 South. 238, 16 L. R. A. [N. S.] 301; *Anniston El. Co. v. Rosen,* 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32) but, on the contrary, was walking beside the track clear of the sweep of a normal engine of that type, though within, to wit, 24 inches of the outer normal line of that type of engine, his contributory negligence vel non was an issue for the jury to decide.

Again, if those in control of the engine were aware of the extended, by the projecting out-bent step, zone of danger from the engine, and were aware of his presence, walking beside the track, within that zone, and it was apparent from the circumstances actually known to them that he was unconscious of his danger therefrom, then it became their duty to conserve his safety by sounding an alarm or by resorting to the appliances provided to check or stop the train, or by doing both.— *L. & N. R. R. Co. v. Young, supra.*

For the errors committed by the refusal to the defendant of the affirmative charges as to counts 1 and 6, the judgment is reversed and the cause is remanded.

Reversed and remanded.

SIMPSON, MAYFIELD, and SAYRE, JJ., concur.