(81 South. 627)

LOUISVILLE & N. R. CO. v. MORSE.
(1 Div. 94.)

(Supreme Court of Alabama. April 10, 1919.)

1. RAILROADS ⬥350(33) — CROSSING ACCIDENT — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where there was evidence that one injured at a much-used street crossing was negligent in failing to stop, look, and listen, and that the train was running 40 miles per hour, though the character of the crossing was known to the engineer, the question as to subsequent negligence was properly submitted to the jury.

2. RAILROADS ⬥350(34)—PERSONAL INJURY ACTIONS — QUESTIONS OF FACT — WANTONNESS.

In an action for injuries to a pedestrian, struck by a train at a street crossing, evidence that defendant's engineer operated the train at the rate of 40 miles an hour, knowing that the crossing was constantly used by the public, justifies a submission of the question of wanton negligence to the jury.

Appeal from Circuit Court, Mobile County; C. A. Grayson, Judge.

Action by William Morse against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Gregory L. & H. H. Smith, of Mobile, for appellant.
Harry T. Smith & Caffey and C. W. Tompkins, all of Mobile, for appellee.

MAYFIELD, J. The action is to recover damages for personal injuries. Appellee was hit by an engine or train of appellant while in the act of attempting to cross the track of appellant at one of the public street crossings in the city of Mobile.

The cause was tried on three counts; one charging simple initial negligence, one subsequent negligence, and one wantonness or willful injury. The plea of contributory negligence was interposed as to the count declaring on initial simple negligence, and the general issue as to the other counts.

[1] The street crossing was shown to be one generally used by the public, and over which many people were wont to go constantly and in great numbers. There was evidence tending to show that the engineer in charge of the engine which inflicted the injury was aware of this character of the street crossing, and that the train at the time was being run at the rate of 40 or 50 miles per hour.

We are of the opinion that the undisputed evidence showed plaintiff to be guilty of contributory negligence in failing to stop, look, and listen before attempting to cross the track; but we are of the opinion that

the case was properly submitted to the jury on the other two issues.

[2] It would do no good to discuss the evidence. The case made is within the rules. declared so often by this court, as to wantonness and subsequent negligence as to injury by collisions with trains at public crossings—like the one in question. Sheffield Co. v. Harris, 183 Ala. 357, 61 South. 88.

The case made here is much stronger than the case cited above. The facts are very much like those of Martin's Case, 117 Ala. 367, 23 South. 231, Weatherly's Case, 166 Ala. 575, 51 South. 959, Orr's Case, 121 Ala. 489, 26 South. 35, Guest's Case, 136 Ala. 348, 34 South. 968, and 144 Ala. 375, 39 South. 654, Duncan v. St. L. & S. F. R. R. Co., 152 Ala. 118, 44 South. 418, and L. & N. R. R. Co. v. Young, 153 Ala. 232, 45 South. 238, 16 L. R. A. (N. S.) 301, in which cases the question of liability was submitted to the jury.

The only error insisted on being the failure of the court to direct a verdict for defendant, it follows that the case must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.