[Alabama Mineral Railroad Co. v. Jones, Adm'x.]

# Alabama Mineral Railroad Co. v. Jones, Adm'x.

### Action against Railroad Company for Negligent Killing Employe

1. *Charge; affirmative improper when evidence in conflict.*—Where the evidence was in conflict on every issue presented on the trial, the court properly refused the affirmative charge requested by the defendant on the whole case and the respective counts of the complaint.

2. *Negligence; when not matter of law.*—If two hand cars, each the equal of the other in construction and appliances, and each manned in the same way and by the same number of men, are moving in the same direction and at the same rate of speed, at the distance of 15 or 20 feet apart, and the superintendent of both, being on the front car, gives the signal to check the speed of each car at the same time and by the same motion of his hands, it cannot be said that the giving of such signal is negligence, as a matter of law, and a charge which so asserts is erroneous.

3. *Same.*—When two hand cars are moving at the same speed in the same direction, 15 or 20 feet apart, it is error to charge the jury, as a matter of law, that the superintendent of the front car, desiring to check the speed of the cars, should first signal for that purpose the rear car before signaling the one in front.

4. *Damages; proof of amount not necessary to verdict, when nominal can be recovered.*—A charge is properly refused to the defendant in an action for damages for negligent killing on the part of the defendant, which asserts that verdict must be for the defendant unless the plaintiff has furnished data to enable the jury to ascertain the amount the plaintiff is entitled to receive, when the plaintiff may be entitled to nominal damages.

5. *Same; certain kind of how proved.*—Where recovery is sought of the amount which the deceased would have expended on dependents had his expectancy of life not been disappointed, it is unnecessary to prove more than that he had persons dependent on him for support who would have been distributees had he left an estate, and the amount he contributed to

8

their support; there is no legitimate occasion to show the ages of the minor children.

6. *Impeaching evidence.*—When a witness on cross-examination denies having made certain statements, material to the matter under investigation, to other parties, other witnesses may state, as impeaching evidence, that he did make such statements.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. GEO. W. BREWER.

Mary A. Jones, as administratrix of John Jones, sued to recover of the Alabama Midland Railroad Company damages for the death of her intestate, caused, as alleged, by the negligence of the defendant. The plea of contributory negligence was interposed. Briefly stated the facts necessary to the points decided are as follows: Two hand or construction cars were moving across Coosa river, and when they had passed the main part of the bridge and were on the trestle, the rear car ran into or collided with the one in front, and the deceased fell from the rear car and was killed. It was not clear from the evidence whether the shock from the collision, or the jar caused by putting on the brakes caused him to fall. One Scott was in charge of the two cars, and was on the one in front. They were moving in the same direction at a considerable rate of speed, when Scott gave a signal with his hand to slow up or to stop. The evidence tended to show that the signal was intended for both cars. Charge No. 8 asked by the plaintiff was as follows: "If the jury believe from the evidence that Scott, the section boss of the defendant, ordered the section hands to run the two hand cars across the bridge one immediately behind the other, and that said section hands in compliance with said order started across the bridge with said cars one following about 15 or 20 feet behind the other, and that while on the trestle after crossing the bridge and while said cars were going at a fast rate of speed one about ten to twenty feet behind the other, said Scott was on the front car, and made one and the same signal for both cars to check up, and that immediately those on the rear car did everything in their power to check their car in time to avoid a collision, but that the rear car did notwithstanding collide

with the front car, and that thereby the said John Jones was thrown to the ground below, and killed; and that he was guilty of no negligence which contributed proximately to his death, then the jury should find for the plaintiff." Charges 28 and 29 requested by the defendant and refused, instructed the jury that the plaintiff could not recover and they must find for the defendant, unless the plaintiff has furnished them with the data by which they could with reasonable accuracy ascertain the amount to which the plaintiff is entitled.

After Scott had testified for the defendant and on cross-examination had denied making the statement to Wm. Doak in the presence of Smith Peoples that he did not know how it happened, Doak and Peoples were recalled by plaintiff—they having been on the witness stand—and asked if Scott had made the statement to Doak. They answered in the affirmative, and their testimony was objected to by defendant, but was admitted as impeaching Scott. Judgment for plaintiff.

Reversed.

THOS. G. JONES, for appellant.—(1). Defendant was entitled to affirmative charge, first, because the plaintiff had not shown a dangerous rate of speed, and had failed to show any stoppage of the cars, or a sudden checking of the speed of the front one. If he has described the manner of the accident with great particularity, he must prove his case as laid.—*Pryor v. L. & N. R. R. Co.,* 90 Ala. —; *Will v. Rather,* 30 Ala. 60; *W. R. R. v. Sistrunk,* 85 Ala. 352; *N. C. & St. L. R. R. v. Hambree,* 85 Ala. 481; *Perdue, admr., v. L. & N.,* 100 Ala. 535.

(2). It was improper to allow the plaintiff to prove the ages of the family of the intestate; it had only the effect to excite the sympathy of the jury in ascertaining the damages.—*L. & N. R. R. v. Binion,* 107 Ala. 645; *Penn. R. R. v. Ray,* 102 U. S., 164.

(3). The testimony of Doak and Peoples as to conversation between them and Scott after the event should have been excluded.—*L. & N. R. R. v. Carl,* 91 Ala. 271.

BROWNE & LEEPER, *contra.*—The ages of the children of the deceased was admissible evidence.—*Bromley v.*

*Birmingham R. R. Co.,* 95 Ala. 397; *L. & N. Railroad Co. v. Trammell,* 93 Ala. 350.

McCLELLAN, C. J.—This case has been heretofore in this court, and is reported in 107 Ala. 400.

The negligence counted on in each of the four counts of the complaint was that of Scott, the foreman of the section crew of which plaintiff's intestate, John Jones, was a member. The first and third counts charge that he had superintendence intrusted to him in respect of said crew and their duties and of two hand-cars used in their work, and that whilst in the exercise of such superintendence he ordered the hand cars to be run over and across a bridge spanning Coosa river at a high rate of speed, the one following the other at a distance of from fifteen to twenty feet, and that while this order was being executed and the cars were thus being run across the bridge, the said Scott, being on the front car, negligently and carelessly stopped (1st count) the car on which he was riding without notifying those on the rear car, and that by reason thereof the hindermost car ran into the front car whereby Jones was knocked off; and (3rd count) that said Scott negligently and carelessly suddenly *checked the speed* of said front car without notifying those on the rear car, and that in consequence the rear car collided with the front car whereby Jones was knocked off and killed. The second and fourth counts aver that Scott was in charge and control of the front car in crossing over the bridge and that (2nd count) he negligently *stopped* it, and (4th count) negligently *checked its speed* without notice to those on the rear car whereby the hindermost ran into and collided with the foremost car, knocking Jones off and killing him. The general issue and several pleas of contributory negligence were pleaded. The 4th plea is as follows: "Defendant says that plaintiff's intestate contributed proximately to his own injury and death in this, that plaintiff's intestate was a section hand and that it was a part of his duty to propel the lever car upon which he was riding by means of a handle or lever, and that it was his duty to grasp said lever with one or both hands while said car was moving, and defendant avers that at

the time of said injury and death the said John Jones, intestate, was riding on the rear end of a hand car which was moving, and in front of which and near to it was another moving hand car going in the same direction, yet notwithstanding this said Jones failed to grasp or hold to said handle or lever of said car, but stood at the rear end thereof and was negligently and carelessly looking up and down the river, over which said cars were passing, or was looking backward at said time, without holding on to any part of said car or to the handle thereof, which was an unsafe and dangerous way of crossing said trestle and river on a moving hand car; and but for such negligent conduct of plaintiff's intestate said injury and death would not have happened. Wherefore defendant says that plaintiff's intestate contributed directly and proximately to his own injury and death."

To this plea plaintiff replied "that her intestate was holding to said handle and continued to so hold until he was knocked loose by the sudden putting on of the brake of the car upon which he was riding, which said putting on of said brake suddenly had become necessary by reason of the sudden stopping of the car in front, and that immediately after his hands were so knocked loose by the putting on of said brake and before he had time to recover his hold on said handle the car he was on ran into the car in front, by reason of which he was thrown out of said car to the ground below and killed; and she denies that said intestate was guilty of any such contributory negligence as would bar the defendant's liability for his death."

There was evidence tending to prove the averments of each count of the complaint and also evidence tending to disprove them. Similarly the averments of the special pleas found lodgment in the tendencies of the evidence, and there was other testimony going to disprove them. And there was evidence both ways on the allegations of the replication copied above. In short the evidence was in conflict upon every issue presented on the trial; and the court very properly refused to give the affirmative charges requested by the defendant on the whole case and upon the respective counts of the complaint.

Many special instructions were given for plaintiff to which exceptions were reserved, and refused to defendant and exceptions likewise reserved to said refusals. The rulings of the court on these charges were in the main correct. In some particulars they were erroneous, and to these only will we refer specially.

The two hand cars were precisely the same in construction, weight, motive power, brakes and all other appliances. They were manned each in the same way and by the same number of men. They were going across the bridge at the same rate of speed and at least fifteen or twenty feet apart. Presumably they could be each stopped within the same distance. Presumably also the speed of each could be controlled within the same time and graduated in the same degree within any given time. Presumably therefore a signal given at the same moment of time, indeed the same signal, to each of the crews to check the speed of each could be obeyed at and in the same time by each crew, and the speed of each would thereby be reduced to the same extent, so that the relative distance between them would be maintained, and there would be no running of the rear car on to the front car, no collision. There was evidence that Scott gave the signal to check the speed to each car at the same time, by the same motion of his hands. Upon this evidence charge 8, given for plaintiff, hypothesizes negligence on the part of Scott as matter of law. This was clearly erroneous. It can surely not be said as matter of law that Scott acted negligently in giving the signal to check the speed to both crews at the same time in view of the facts referred to above. In all human probability looking at the situation from Scott's standpoint at the time he gave the signal the cars would have equally lessened their speed until they stopped and all the while have maintained the safe distance apart which separated them at the moment the signal was given, and that they did not maintain this distance goes to show that the signal was not given to each of the crews at the same time rather than to show that the signal if so given was negligently given. At the most the plaintiff was only entitled to have the question as to whether such cotemporaneous signals was negligence submitted to the jury, and

we make this concession more on account of the former opinion in this case than otherwise. The effect of this instruction was to take the question away from the jury and to declare as matter of law that the giving of the signal to both crews at the same time was negligence. The court erred in giving this charge.

Charge 5 refused to defendant declared as matter of law that the giving of the signal to slow up both crews at the same time was not negligence. Influenced largely by the former decision we hold that this charge was well refused.

And charge 4 given for the plaintiff is faulty in that it assumes as matter of law that Scott should have first directed the crew of the rear car to slacken its speed before giving a like signal to the crew of the front car.

The evidence did not, in our opinion, furnish sufficient data for a verdict to be rendered in any substantial amount. Notwithstanding this, however, plaintiff might have been entitled to nominal damages. Hence charges 28 and 29 were properly refused.

It is unnecessary where recovery is sought of the amount which deceased would have expended on dependents had his expectancy of life not been disappointed, to prove more than that he had persons who would have been distributees had he left an estate dependent on him for support and the amount he contributed to their support; and there is no legitimate occasion to show the ages of his minor children.

The testimony of Doak and Peoples as to the statement made by Scott was properly received as tending to impeach the latter as a witness, predicate therefor having been laid by questions to Scott.

The rulings of the court reserved for our consideration to which we have not referred have been considered by us and found to be free from error.

Reversed and remanded.