# Stennett *v.* City of Bessemer.

### *Damages for Pollution of Stream.*

(Decided Feb. 6, 1908.  45 South. 890.)

1. *Juror; Qualification; Bias.*—A juror who has a suit against a defendant arising out of the same alleged wrong made the basis for the cause on trial, is impliedly biased, and subject to challenge for cause.

2. *Evidence; Opinion Evidence; Non-Expert Testimony.*—As to whether or not the pollution of a stream rendered the premises involved uninhabitable and unhealthful, being one for the jury, a nonexpert witness was not competent to give an opinion thereon.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by M. L. Stennett against the city of Bessemer. From a judgment for defendant, plaintiff appeals. Affirmed.

MONTGOMERY & SMITH, for appellants. The court erred in permitting Bailey to be challenged for cause as a juror.—Thompson & Merc. on Juries, p. 170; *Strong v. Sogswell,* 28 Ill. 457; *Commonwealth v. Boston R. R. Co.,* 3 Cush. 25; *Calhoun v. Hanna,* 87 Ala 277 . Counsel discuss other questions but without citation of authority.

T. T. HUEY, B. G. PERRY, and PINKNEY SCOTT, for appellee. No brief came to the Reporter.

McCLELLAN, J.—The appellant instituted this action for damages for the alleged pollution of a stream by the defending municipality.

One J. W. Rainey was of the panel of jurors, and the court, upon investigation, ascertained that the juror "was a plaintiff in a suit against the defendant for damages growing out of the same alleged wrong of defendant as the cause at issue." Thereupon the court sustained a challenge of this proposed juror for cause. There was no error in this action. Under these circumstances, the law implies bias, which renders the party incompetent as a juror in the cause in which he is called to serve.—*Jefferson Co. v. Lewis*, 20 Fla. 980; 24 Cyc. pp. 284, 285, and citations in note 70.

The court properly disallowed, on appropriate objection, those questions seeking to elicit the mere opinion of nonexpert witnesses upon the inquiry whether the alleged pollution rendered the premises in question unhealthy or uninhabitable. That was for the jury's determination from all the evidence in the case; and, unless the witnesses were shown to be expert, they could not depose to their conclusion from the conditions involved.

The foregoing disposes of all the errors assigned and insisted on in argument; and, no error appearing, the judgment of the city court is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.