# Louisville & Nashville R. R. Co. *v.* Young*

*Action for death of Intestate.*

(Decided May 19, 1910.  53 South. 213.)

1. *Jury; Competency; Discretion of Court.*—The court is not confined to the enumerated statutory grounds of challenge, but has power to reject a juror on motion, in its discretion for any reason deemed sufficient to render the juror unfit.

2. *Same.*—The right of a party to a jury free from bias or interest is not lost because one party demands a struck jury, and hence the action of the court in excusing from jury service jurors who were employees of the adverse party was not erroneous, the motion having been made by the party demanding a struck jury.

3. *Same; Statutes.*—Section 7280, Code 1907, applies to civil as well as to criminal cases, although found in the criminal code.

4. *Appeal and Error; Harmless Error; Evidence.*—Where a witness testified that it did not take both hands to manipulate the reverse lever of an engine unless it was unusually hard, and that he did not think the lever could be handled quicker with both hands than with one, and that he could handle the lever on the particular engine with one hand as quickly as with both, if there was any error in permitting him to testify that if the lever was hard to handle two hands could handle it better than one, it was not prejudicial.

5. *Same; Questions Reviewable; Instructions.*—The refusal to give charges referring to counts not set out in the record cannot be considered on appeal.

6. *Evidence; Opinion; Hypothetical Questions.*—A hypothetical question containing an hypothesis corresponding with the description of the facts testified to by a witness is properly allowed.

7. *Death; Negligence; Evidence.*—One suing for the negligent death of his intestate may show that such intestate left children.

8. *Master and Servant; Injury to Servant; Evidence.*—In an action against a railroad for the death of the foreman of a switching crew, occasioned by being struck by a train while in the discharge of his duty, testimony as to the customary travel by people on the track at the place where the accident occurred was not admissible.

9. *Same; Negligence.*—Even if an engineer, with knowledge of the peril of a servant on the track, could not stop his engine before the footboard reached and ran over the servant, yet if he could have stopped it by the exercise of ordinary care before the brake beam which killed the servant reached him, the employer would be liable.

10. *Same; Liability.*—Where the foreman of a switching crew placed himself in a position of peril and was unable to save himself and the engineer in charge of an approaching engine knew the fact and negligently operated his engine so that the head of the foreman was caught between the rail and the brake beam and thereby, he was fatally injured after he had been rolled and dragged by the engine, the railroad was liable, provided the servant was not negligent after becoming so imperiled.

11. *Same.*—The liability of a railroad for the death of a servant by being struck by an engine does not depend on the means known to the engineer to stop the engine and avert the accident, but on the use of the means known to skillful engineers.

12. *Same.*—Where an engineer in charge of an engine knew that the foreman was under the tender, his duty was to use all means known to skillful engineers to stop the engine in order to avert further injury to the servant, whether he was then mortally injured or not.

13. *Same.*—Where the foreman of a switching crew stepped on the footboard of a moving engine and immediately slipped and fell thereunder, and thereby received a fatal injury, the railroad was not liable for the death.

14. *Same.*—An engineer in charge of an engine moving towards one in peril fails to perform his duty if he gives no warning signal to awaken or quicken the person in peril to the natural impulse as well as legal duty to conserve his safety, unless it reasonably appears from the situation presented to the engineer that to warn would be unavailing.

15. *Same; Issue and Proof.*—Where the issue was, whether the engineer used all of the instrumentalities for stopping the engine at his command and used them promptly, the question whether the engine was stopped as quickly as it could have been, was material in aiding the jury to determine the fact, the action being for the death of the servant by being struck down and injured.

16. *Same; Instructions.*—A charge asserting that the engineer performed all his duties when he closed the throttle, reversed the engine and applied the air brakes, and sounded the alarm while reversing the lever and lost no time in so doing, etc., failing to state when the air brakes were applied is misleading.

17. *Same.*—Where the action was for the death of a servant struck by an engine, and there was evidence from which the jury might find that the deceased was killed by being struck by the brake beam

[Louisville & Nashville R. R. Co. v. Young.]

before he was dragged, and there was conflict in the evidence as to whether or not the engine could have been stopped before the brake beam reached him, a charge asserting that the burden of proof is on the plaintiff to show that the decedent was rolled and dragged after the engine could have been stopped, and that he thereby received his injuries, etc., was properly refused.

18. *Charge of Court; Invading Province of Jury*.—Where the evidence showed that the engineer saw decedent start towards the track and attempted to stop the engine, a charge asserting that if the jury believe the evidence, they will find that the engineer did not know of the whereabouts of the decedent when he stepped in front of the engine, invaded the province of the jury, and was properly refused.

19. *Same; Sufficiency; Misleading*.—Where the other party may and should ask a counter charge, it is not error to give charges merely confusing or misleading.

20. *Same; Applicable to Evidence*.—Where the engineer testified that as soon as he saw the deceased start towards the track he used all means at his command to stop the engine and another witness testified that the engine could have been stopped within four or five feet, a charge asserting that the engine weighed 80,000 pounds, and such weight going at the rate of fifty miles per hour, came in contact with decedent's head, and caused death, the verdict should be for the defendant, was properly refused.

21. *Same; Argumentative*.—A charge asserting that under the pleadings, the plaintiff had alleged that the deceased was pushed and dragged, and thereby met his death and the burden of proving the facts rested on the plaintiff who had introduced the engineer as the only witness to establish the facts, and there was no conflict in the evidence that defendant's engineer did not know the peril of the deceased, the verdict must be for the defendant, was an argument and properly refused.

22. *Same*.—Where there was evidence that the deceased was killed by being struck by the brake beam after the foot-board had run over him, a charge asserting that if the footboard was from four to eight inches above the rail and the footboard passed over the decedent, the jury could look to that in connection with the other evidence to determine whether or not deceased received the fatal injuries when the footboard passed over him and that if they believed that he did, they should find a verdict for the defendant, was argumentative and properly refused.

23. *Same; Effect of Evidence*.—What the evidence proved is for the determination of the jury, and the court cannot be required to give instructions stating what the evidence shows.

24. *Same; Sufficiency*.—Each charge must be complete in itself, and where a charge is incomplete, standing alone, it may be refused.

25. *Same; Ignoring Evidence*.—A charge asserting that if the engineer and the deceased were both guilty of negligence at the time the accident occurred, the verdict should be for the railroad, was properly refused for failing to hypothesize that the negligence proximately contributed to the injury, and as ignoring parts of the evidence.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Roberta Young, as administratrix of Joe Lawrence, deceased, against the Louisville & Nashville Railroad Company for the death of deceased. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

For the statement of the facts, and for former report of this case, see citations set forth in the opinion.

The question to the witness Bonham was as follows: "Suppose that the reservoir pressure of the air on a 40-ton switch engine, six-wheel connected engine, is 90 pounds to the square inch, and the train line pressure is 70 pounds to the square inch, and that the engine is proceeding south on a level or nearly level track, at the rate of 6 or 7 miles per hour, going backward, pushing backward a tender upon which there are 8 truck wheels, against each of which there is an air brake appliance, how long would it take this air under these conditions to stop that engine, if everything was in good working order?"

The following charges were given at the instance of the plaintiff:

"(3) If McDermott, the engineer, saw Lawrence, when the latter was in 3 or 4 feet of the moving tender, make a quick movement to get on the track in front of said tender, and if the engineer knew that the contact of the tender with Lawrence could not then have been prevented, it was the duty of the engineer to make every reasonable effort to stop the engine as quickly as practicable, whether he knew that Lawrence was under the engine, or on the footboard, or not, if in fact Lawrence was in either position; and if the engineer failed in his duty in this respect, and such failure was the proximate cause of the death of Lawrence, then

your verdict must be for the plaintiff, notwithstanding Lawrence should not have gone on the tracks without looking." "(8) The mere passage of the footboard over Lawrence before the engine could have been stoppeJ would be no defense, provided the death of Lawrence was caused by his head being caught under the brake beam; and if Lawrence became unable to save himself and if McDermott knew that fact, if it was a fact, and after such knowledge McDermott negligently failed to stop the engine before Lawrence's head was thus caught, and if he could have stopped in time to have saved Lawrence, the verdict must be for the plaintiff.

"(9) If Lawrence got in a position of great peril, and if he became unable to save himself, and if McDermott knew these facts, if they were facts, and if, after such knowledge, he (McDermott) acted negligently as charged, and if by reason of such negligence the head of Lawrence became caught between the rail and the brake shoe, and if thereby the fatal injuries were inflicted after he was rolled and dragged, if he was rolled and dragged, the verdict must be for the plaintiff, provided Lawrence was not negligent after becoming so imperiled."

The following charges were refused to the defendant:

"(5) I charge you that the undisputed evidence in this case shows that said injuries which produced the death of Lawrence could not have resulted from said Lawrence being pushed or dragged, without compression or contact with a foreign substance. Therefore, if you believe such evidence, in connection with other evidence, your verdict should be for the defendant upon the counts in the complaint alleging the dragging or pushing of said Lawrence as a cause of the injuries which produced his death.

"(6) The plaintiff cannot recover in this case, unless Lawrence's danger under the tender was known to McDermott, and he then failed to adopt means known to him best adapted to stop the engine and avert injuries to Lawrence.

"(7) I charge you, gentlemen of the jury, that on the undisputed evidence in this case the plaintiff's intestate, Joe Lawrence, was guilty of contributory negligence, and your verdict should be for the defendant, unless you believe from the evidence that the defendant's engineer, McDermott, knew that the said Lawrence was under the tender of the engine, and not mortally injured, and after such knowledge failed by the exercise of all proper means reasonably capable of adoption at the time to avert said injury."

"(11) I charge you that the undisputed evidence in this case shows that said injury, which produced the death of Lawrence, could not have resulted from said Lawrence being pushed or dragged. Therefore, if you believe said evidence, in connection with the other evidence, your verdict must be for the defendant upon the counts in the complaint alleging the dragging or pushing of said Lawrence as the cause of the injuries which produced his death."

"(15) I charge you, gentlemen of the jury, that if you believe the evidence you will find that Ben McDermott, the engineer, did not know the whereabouts or peril of Joe Lawrence after he stepped in front of the moving engine.

"(16) If you believe from the evidence that the engine weighed 80,000 pounds, and that such weight, going at the speed of 6 miles and hour, came in contact with Lawrence's head, and thereby produced the fracture which caused his death, the verdict should be for the defendant.

"(17) Under the pleadings in this case, plaintiff has. alleged that Lawrence was pushed and dragged, and thereby met his death, and that his position was known to McDermott, and the burden of proving this to your reasonable satisfaction rests upon the plaintiff. Plaintiff·introduced McDermott as the only witness to establish this averment, and there is no conflict in the evidence that McDermott did not know the position of Lawrence. Therefore, if you believe this evidence, in connection with all the other evidence in the case, you will find for the defendant on such issue."

"(20) If the jury are in doubt from the evidence as to whether said fatal injury occurred by the footboard running over Lawrence, or being struck by the engine, or by the fall of Lawrence, or by being dragged or rolled after the engine could have been stopped, ·then the defendant was entitled to such doubt. If such doubt exists from the evidence, your verdict should be for the defendant."

"(23) It is not the law that the failure of the engineer to stop the engine, and the injury to intestate being thereby produced, that by reason thereof the engineer was guilty of negligence. The engineer performed all his duties required of him when he closed the throttle, reversed the engine, and applied the air brake, and that he sounded the alarm while reversing the lever and lost no time in so doing from the application of appliances, and if you find from the evidence he so acted, and such action was the action of a careful and prudent engineer, then the defendant is not liable, although you may be reasonably satisfied from the evidence that the intestate received the fatal injuries by being pushed, dragged, or rolled, after the performance of the preventive measures by the engineer.

"(24) Whether the engine was stopped as quick as it could have been, or not, is immaterial. The question for you to determine is: Was there negligence on the part of the engineer in applying the stopping instrumentality, and was this negligence, if it existed, the proximate cause of the injury? If you are reasonably satisfied from the evidence that there was not negligence in the application of stopping appliances, your verdict should be for the defendant."

"(29) If you believe from the evidence that Lawrence stepped upon the footboard of a moving engine, and that he immediately slipped and fell under the footboard, and that thereby he received the fracture of the skull producing his death, then the defendant is not liable in this action, and your verdict should therefore be for the defendant."

"(42) If you believe from the evidence that the footboard of the engine was from four to six inches above the rail, or from four to eight inches above the rail, and that said footboard passed over Lawrence, you can look to that, in connection with the other evidence in the case, to determine whether or not Lawrence received said fractures when said footboard passed over him. If you believe from the evidence he did, your verdict should be for the defendant."

"(46) If you believe the evidence, you will find that the fracture of the skull which produced the death of Lawrence was not caused by his being dragged or pushed."

"(62) I charge you, gentlemen of the jury, that the burden of proof is upon the plaintiff to prove to your legal satisfaction that plaintiff's intestate was rolled and dragged after the engine should have been stopped, and that he thereby received the injuries, and unless you so believe your verdict should be for the defendant."

"(75) An engineer in charge of an engine moving towards one in peril does not perform his duty if he gives no warning signal to awaken or quicken the party in peril to the natural impulse, as well as the legal duty, to conserve his own safety, unless it was reasonably apparent from the situation to the engineer, as one ordinarily prudent and skillful in that situation, that to warn would be unavailing.

"(76) If you believe the evidence, you will find that McDermott did not know whether Lawrence was in danger or in a place of safety upon the footboard; and under the circumstances I charge you that it was his duty to give such warning, if under all these circumstances it was reasonably apparent to him that the giving of it would quicken the knowledge of peril to Lawrence."

"(91) If you believe from the evidence that both McDermott and Lawrence were guilty of negligence at the time the fatal injury occurred to Lawrence, your verdict should be for the defendant."

JOHN C. EYSTER, for appellant. No brief came to the Reporter.

E. W. GODBEY, for appellee. No brief came to the Reporter.

SIMPSON, J.—This is an action by the appellee against the appellant for damages for the death of her intestate, Joe Lawrence, claimed to have been caused by his being struck by a moving engine of the defendant. The case has been in this court twice heretofore. —L. & N. R. R. Co. v. Banks, Adm'r, 132 Ala. 471, 31 South 573, and Same v. Young, 153 Ala. 232, 45 South. 238, 16 L. R. A; (N. S.) 301.

The plaintiff demanded a struck jury, and in ascertaining the qualifications of the jurors asked if they

were employees of the defendant, and, three of them answering that they were, the court, on motion of the plaintiff, excused them from service, to which action of the court the defendant excepted and makes the action of the court the first assignment of error insisted on.

It is laid down as a general proposition that: "The power of the court to reject jurors of its own motion is not confined to the enumerated grounds of challenge, or to cases where a refusal to sustain a challenge would be error; but may be exercised for any cause which the court, in its discretion, deems sufficient to render the juror unfit to serve."—24 Cyc. 313.

This court has said that "the right of the parties to a jury free from bias or interest is not lost, nor subjected to chance or peril, because one party, in the exercise of a legal right, * * * demands a struck jury."—*Dothard v. Denson,* 72 Ala. 541, 543. Also that "the statute prescribing the cases for which a person, drawn and proposed as a juror, may be challenged, was not intended to take away from the court the discretionary power to excuse any person who appears to the court to be unfit to serve on the jury," though this power "should be exercised consistently with the right of the accused to have a jury selected from the list served on him, as far as practicable. There must be a cause."—*Long v. State,* 86 Ala. 36, 40, 5 South. 443; *Scott v. State,* 133 Ala. 112, 115, 32 South. 623; *Williams v. State,* 144 Ala. 14, 17, 40 South. 405. The *Long Case* and the *Scott Case* are based upon general principles, while the *Williams Case* rests upon section 5020 of the Code of 1896.

Section 7280 of the Code of 1907 authorizes the court to excuse from service any person "if he is disqualified or exempt, or for any other reasonable cause, to be determined by the court." It is true that this section appears in the Criminal Code, but it has been applied by

this court in civil cases.—*Calhoun County v. Watson,* 152 Ala. 554, 560, 44 South. 702, 704.

In the last-cited case this court said: "The purpose of the law is to afford a fair and impartial trial to all litigants, which can only be accomplished by absolutely unbiased juries, and trial judges cannot be too zealous in ridding the jury of men whose interest and environment is calculated to sway them in the slightest degree. The fact that the jurors excused by the court were employed by the commissioners may be a slight incentive for bias, yet it was the action of the commissioners that was being assailed, by this suit, and we think the action of the court was authorized by section 5020 of the Code of 1896." And in the case of *Stennett v. City of Bessemer,* 154 Ala. 637, 45 South. 890, the court was justified in excusing a juror who had a similar case against the defendant, because "the law implies bias."

In the case of *Calhoun v. Hannan & Michael,* 87 Ala. 277, 284, 6 South. 291, 292, this court declined to put the lower court in error for refusing to allow a challenge of a juror, because he was an employee of another party who had a similar suit in court; the court saying: "The facts shown were sufficient to support a challenge for favor, the effect of which is to require an investigation by the court into the question whether the juror is biased in point of fact; but, of themselves, they are not sufficient to show this, or to raise a disqualifying presumption of bias."

It will be noticed that in the case just cited the juror was not an employee of the defendant (see statement of case, at page 279 of 87 Ala., at page 291 of 6 South.), also that the court was sustaining, and not reversing, the discretionary action of the trial court.

There was no error in the action of the court in excusing said jurors.

The court erred in allowing the question to and answer of the witness Worthington, as to the customary traveling by people on the track at the place where the injury occurred. This was irrelevant to the issues in this case, and has been heretofore condemned by this court.—*M. & C. R. R. Co. v. Womack, Adm'r*, 84 Ala. 149, 150, 4 South. 618; *Glass v. M. & C. R. R. Co.*, 94 Ala. 581, 586, 10 South. 215.

The witness Frazier testified, on redirect examination, that: "It don't take both hands to manipulate the reverse lever, unless it is unusually hard. One grasp of the hand will work both; that is, unfasten and move it. I don't think the lever could be handled quicker with both hands than one, on this particular engine. Both hands applied to some things. You could handle it quicker; but, if the lever works like that lever works, he could handle it with one hand as quick as with both. I could handle it just as quick with one hand as with both."

In view of this explicit description by the witness, the jury could not be misled by the allowance of the further question to the witness: "Suppose it was hard to handle, would the use of both hands assist him?" And the answer to it: "If it was hard to handle, of course two hands could handle it better than one."

Consequently, if the overruling of the objection to the question, and of the motion to exclude the answer, was error, it was without injury. At most it was only a repetition of what had already been testified to.

There was no error in overruling the objection to the question to the witness Roberta Young: "He left children, did he?" When this case was first before this court, the text of the opinion is made to state that there was error in this question (*L. & N. R. R. Co. v. Banks, Adm'r*, 132 Ala. 489, 31 South. 573); but the page of

"errata" in that volume shows that this should read: "There was no error." See, also, *Ala. Min. R. Co. v. Jones, Adm'r,* 114 Ala. 519, 532, 21 South. 507, 62 Am. St. Rep. 121.

When the case just cited was before this court, at a subsequent term, it was held only that "that was not legitimate occasion to show the ages of his minor children."—*Ala. Min. R. Co. v. Jones, Adm'r,* 121 Ala. 113, 119, 25 South. 814, 816.

There was no error in allowing the hypothetical question to the witness Bonham. The hypotheses in the question correspond with the description of the engine by the witness McDermott.

Under the facts of this case, charge 3, requested by the plaintiff, and given, may have been misleading or confusing; yet there was no reversible error in giving it.

It is not easy to tell exactly what is meant by the eighth charge given at the request of plaintiff; but we understand the substance of it to be that, although the engine could not have been stopped before the footboard reached Lawrence, yet if it could have been stopped before the brake beam reached him, and as a matter of fact, the footboard merely passed over him, and the brake beam killed him, by reason of the negligence of the engineer in charge in failing to use the means to stop the engine, then the defendant would be liable, provided the engineer knew of the perilous condition of Lawrence in time to have stopped the engine and prevented the injury.

There was no error in giving this charge, although it was confusing. It might have been cleared by a countercharge.

There was no error in giving charge 9, on request of the plaintiff.

These charges do not, as the appellant insists, assume that the engineer did not know of Lawrence's perilous condition, but merely state that if he did know, etc.

Charges 5 and 11, requested by the defendant, besides being in bad form and invasive of the province of the jury, refer to certain counts which do not appear in the record. This record shows only counts 1 and 2. Consequently we cannot put the court in error for refusing said charges.

Charge 6, requested by the defendant, was properly refused. It is not only the means known to him, but the means known to skillful engineers, that the engineer should use.

There was no error in the refusal to give charge 7, requested by defendant. If the engineer, McDermott, knew that Lawrence was under the tender, which necessarily means that he was alive and in a position of peril, it was his duty to use all means known to skillful engineers to stop the engine and tender, if it could be done, in order to avert further injury to the intestate, whether he was mortally injured or not. Although a man may be mortally injured, yet, so long as he is a living man, it is the duty of the engineer to avoid further injury to him.

Charge 15, requested by defendant, was invasive of the province of the jury and properly refused.—*W. U. Tel. Co. v. Benson*, 159 Ala. 257, 272, 48 South. 712.

There was no error in the refusal to give charge 16, requested by the defendant. While it is true, as heretofore held by this court, that the intestate was clearly guilty of contributory negligence, also that the plaintiff's own witness, McDermott, the engineer, testified that, as soon as he saw Lawrence start towards the track, he used all the means at his command to stop the engine, yet the plaintiff also examined the witness Bon-

ham, who testified that the engine could have been stopped within four or five feet, and this testimony was not objected to on the ground that the plaintiff was seeking to contradict his own witness.

For reasons already stated, and because charge 17, requested by the defendant, was argumentative, there was no error in refusing to give it.

Charge 20, requested by the defendant, was properly refused.—*Rowe v. Barber*, 93 Ala. 422, 425, 426, 8 South. 865; *Harris v. Russell*, 93 Ala. 60, 68, 69, 9 South. 541; *L. & N. R. R. Co. v. Davis*, 99 Ala. 593, 595, 603, 12 South. 786; *Glover v. Gentry & Moore, Adm'rs*, 104 Ala. 223, 226, 233, 16 South. 38; *Florence Cotton & I. Co. v. Field*, 104 Ala. 471, 473, 480, 16 South. 538; *Torrey v. Burney*, 113 Ala. 496, 504, 21 South. 348; *Coghill v. Kennedy*, 119 Ala. 644, 666, 667.

Charge 23, requested by the defendant, besides being misleading, does not state when the brakes were applied, etc., and was properly refused.

Charge 24, requested by the defendant, was properly refused. It is misleading. While it is true that the case hangs on the question whether the engineer used all of the instrumentalities for stopping the engine at his command, and used them promptly, yet it cannot be said that "whether the engine was stopped as quick as it could have been or not is immaterial," for it may be material in aiding the jury to determine the fact as to whether the instrumentalities were used promptly.

There was no error in refusing to give charge 18, requested by the defendant. It was open to the jury to find that the intestate was killed by being struck by the brake beam, before he was dragged, and the evidence was in conflict as to whether the engine could have been stopped before the brake beam reached him.

Charge 29 should have been given.

Charge 42, requested by the defendant, was properly refused. This form of charge has been frequently condemned by this court as argumentative and accentuating improperly certain parts of the evidence.—*Austin v. State,* 145 Ala. 37, 40, 40 South. 989; *Hill v. State,* 156 Ala. 3, 6, 10, 46 South. 864; *W. U. Tel. Co. v. Benson,* 159 Ala. 256, 258, 272, 48 South. 712.

Charge 46, requested by the defendant, was properly refused. The court cannot be required to state what the evidence proves; that is for the jury to determine.

Charge 62, requested by the defendant, was properly refused, for reasons given in regard to charge 18.

Charge 75, requested by the defendant, is a literal reproduction of a portion of the opinion of this court when the case was last before it, and should have been given.—*L. & N. R. R. Co. v. Young,* 153 Ala. 232, 45 South. 240 (first column), 16 L. R. A. (N. S.) 301.

There was no error in the refusal to give charge 76, requested by the defendant, for several reasons. As above shown, the court cannot be required to state what facts the evidence established. Each charge requested must be complete in itself, and, taking this charge alone, there is nothing in it to show what the words "such warning" refer to.

Charge 91, requested by the defendant, was properly refused. It does not hypothesize that the negligence referred to contributed proximately to the injury.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.