## Doe, *ex dem.* Moore, *et al. v.* Boulo.

*Ejectment.*

(Decided January 10, 1914. 64 South. 586.)

*Evidence; Reputation; Evidence of Title.*—A reference in the minutes of a town council to a Wilson lot on the corner of certain streets, which was about the location of a lot patented to Wilson, is not evidence of title of such lot in said Wilson, as the legal title to land cannot be established by reputation.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Ejectment by John Doe on the demise of Minow B. Moore, with notice to Luciana F. Boulo. Judgment for defendant and plaintiff appeals. Affirmed.

PETER J. HAMILTON, for appellant. Whether there is any evidence is a question for the court, but its weight is for the jury.—*Hames v. Brownlee*, 71 Ala. 132. Inferences from the papers are to be drawn by the jury alone.—*State v. Patterson*, 68 Me. 473; *Reynolds v. Richard*, 14 Pa. St. 205; 11 Enc. P. & P. 80. The possession of Wilson is shown by the city minutes, and ancient possession or even title may be shown by

reputation often time from the necessity of the case.—
*Smith v. Wert,* 64 Ala. 34; 119 Ala. 498; 39 Am. Dec.
659; 7 Cranch. 290. Such recitals are proof of the
facts recited even against strangers.—82 N. W. 832; 5
Wall. 795; *Gantt v. Phillips,* 23 Ala. 275. The case of
*Boulo v. N. O. M. & P. R. R. Co.,* 55 Ala. 480, shows
an estoppel of Boulo. See, also, *Abbott v. Kennedy,* 5
Ala. 393. Counsel discusses other matters not touched
upon in the opinion, and hence, not necessary to be here
set out.

H. PILLANS, for appellee. It is not competent to
show by reputation and general understanding in the
neighborhood that a person owned or had title to land.
—*Goodson v. Brothers,* 111 Ala. 589. Therefore, no
title was shown in plaintiff by the recital of the city
minutes as to the location of the supposed Wilson lot.
The other matters insisted on are concluded against
plaintiff in the cases of *Boulo v. N. O. M. & T. R. R. Co.,*
55 Ala. 580, and *Demopolis v. Webb,* 87 Ala. 659; s. c.
95 Ala. 116. Counsel discusses other matters not nec-
essary to be here set out.

McCLELLAN, J.—Common-law ejectment to recover
a plot of land in the city of Mobile, Ala., "on the south
side of Church street, extending with a width of, to wit,
thirty feet from Water to Commerce streets." The af-
firmative charge was given for defendant (appellee),
Luciana F. Boulo.

We may avoid a repetition of the general history of
the status and events out of which this controversy
arises by referring to the full report of the appeal of
*Boulo v. N. O., M. & T. R. R. Co.,* 55 Ala. 480, which
was concerned with the locus in quo of the lands, in the
city of Mobile, patented to James Wilson by the United

States on December 30, 1823. This patent granted the following plot of land: "Lot numbered three in square number two, being thirty feet front, situated on the ancient site of Fort Charlotte, in the town of Mobile and state of Alabama, according to the official plot of the survey of the said lands. * * *" It was essential to the plaintiffs' establishment of right to recover that they show, at least prima facie, that the plot described in the complaint was a part of the plot granted by the patent to James Wilson.

The evidence, including that excluded on defendant's objection, has been carefully considered in the light of the oral argument and that in brief submitted for the appellants, wherefrom we are unable to discover any degree of support for the appellants' contention that the land in question was a part of lot 3 in block 2 granted to James Wilson in 1823. The reference in the minutes of the municipal body to a Wilson lot at the southeast corner of Water and Church streets is, of course, no evidence that that lot was within the grant mentioned; nor is it any evidence of title thereto in James Wilson. The legal title to lands cannot, in this state, be established by reputation.—*Anniston City Land Co. v. Edmondson,* 145 Ala. 557, 40 South. 505.

The change of the west boundary of Water street, if ever effected, is likewise of no probative force to show that the granted plot comprehended the lot in suit.

There is no prejudicial error in the record. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.