# Sovereign Camp W. O. W. *v.* Ward.

### Assumpsit.

(Decided February 10, 1916. Rehearing denied March 30, 1916.
71 South. 404.)

1. **Insurance; Life; Complaint.**—Where the action is on a life insurance contract, the complaint must show that the liability accrued within the period covered by the policy.

2. **Same; Fraternal Benefits; Complaint.**—Where the complaint claimed a sum due on a certificate of insurance issued by fraternal benefit association on a certain date by which it agreed to pay to plaintiff a sum certain on

the death of the insured, and averred that the insured died on a certain date, which was within eight months of the issuance of the certificate, that defendant had had notice of his death, and that the certificate was the property of plaintiff it was not subject to demurrer.

3. **Jury; Qualifications; Interest; Membership in Order.**—In an action on a fraternal benefit certificate, a member of such order has an interest which disqualifies him as a juror, upon the objection of defendant.

4. **Evidence; Secondary; Notice to Produce.**—Where the notice to produce a document given to the adversary party as required by § 4058, Code 1907, did not give such party sufficient time to procure it from where it had been sent, secondary evidence of the contents of such document was not admissible.

5. **Witnesses; Confidential Communication.**—Where the action was upon a fraternal benefit certificate, and the defense was suicide, a letter written by the attorney of the benefit association to the head office thereof stating that the order was not liable, but recommending a compromise, was not admissible to show formal notice of proof of loss, or waiver thereof, since it was a confidential communication by an attorney containing privileged matter.

6. **Evidence; Hearsay.**—A statement by a witness: "they said he died from taking carbolic acid" was hearsay and properly excluded.

7. **Same; Secondary; Proof of Loss.**—Where the physician testified that he took a note from the clothing of deceased-insured and gave the note to another witness, and the other witness testified that he had laid it aside and had not seen it since, this was sufficient to authorize the admission of secondary evidence of the contents of the note.

8. **Same; Opinion.**—Where the action was upon a fraternal benefit certificate, defended on the theory that insured committed suicide, a statement by a physician that insured committed suicide was a statement as to the material facts and inquiries and not competent as evidence.

9. **Insurance; Fraternal Benefit; Evidence.**—Evidence that deceased was addicted to the drink habit just preceding his death, was competent in connection with evidence as to his efforts to abstain therefrom and his purpose to do so, the defense being that insured committed suicide.

10. **Same.**—Under the evidence in this case it was a jury question whether insured committed suicide or not.

APPEAL from Butler Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by Nettie B. Ward against Sovereign Camp of the Woodmen of the World. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

The defenses were the general issue, the suicide clause, and the by-laws of the order relative thereto. The matter relative to the jurors sufficiently appears. There was some controversy between attorneys as to the forwarding of notice and proof of death to the office in Omaha, Neb., but it appears that it was

[Sovereign Camp W. O. W. v. Ward.]

forwarded by a local clerk, and it appeared that notice to produce these writings had been given about 24 hours before trial, and that the notice was waived, but defendant attorney insisted the notice was not sufficient in point of time to get the original documents from Omaha, Neb., and the court, over defendant's objection, permitted proof to be made thereof, and also permitted plaintiff to introduce a letter directed to J. S. Kern as clerk of the camp, and signed by A. H. Burnett, general attorney, the contents of which were substantially that the report indicated that Mr. Ward committed suicide, and that, not having been a member for five years, he was not entitled to anything, but under the circumstances the attorney expressed a willingness to recommend a small amount in compromise. The witnesses Pierce and Kern testifying said they knew Ward, that he died about 6 o'clock in the evening, and that they said he died from taking carbolic acid, that it smelled like acid, and that he had a sore on his mouth. On motion of plaintiff, the court excluded statement that they said it was carbolic acid. The witness Hawkins testifying as a physician relative to his examination of the body of Ward, stated that he examined his pockets, and in an inside vest pocket found a note, which he gave to Mr. Waller, Ward's father-in-law, and that Mr. Waller had it the last time he saw it, and that he did not know where the note was now. Waller, testifying, stated that he was served with a subpœna to bring in the papers or writings in his possession found on the body of Ward, but that he did not know what had become of the note, that he laid it aside, and had not seen it since. On this proof, the defendant reintroduced Dr. Hawkins, and asked for the contents of the note. Upon plaintiff's objection, the court refused to permit witness to testify.

C. H. ROQUEMORE, E. T. GRAHAM, and C. F. WINKLER, for appellant. POWELL & HAMILTON, for appellee.

THOMAS, J.—(1) In a suit on a life insurance contract, the complaint must show that the liability accrued within the period covered by the policy.—*Eminent Household, etc., v. Gallant,* 194 Ala. 680, 69 South. 884; *U. S. H. & A. Ins. Co. v. Savage,* 185 Ala. 583, 61 South. 817; *U. S. H. & A. Ins. Co. v. Veitch,* 161 Ala. 630, 50 South. 95.

(2) The complaint was not subject to the demurrers directed against it. The complaint alleges: "Nettie B. Ward, Plaintiff, v. Sovereign Camp of the Woodmen of the World.

"The plaintiff claims of the defendant the sum of two thousand and 00/100 dollars, due on a certificate of insurance issued by the defendant to J. R. Ward, on to-wit, the 6th day of May, 1914, in and by the terms of which the defendant agreed to pay to the plaintiff, who was the wife of the said J. R. Ward, the sum of two thousand dollars upon his death.

"Plaintiff avers that the said J. R. Ward died on, to-wit, the 15th day of December, 1914; that the defendant has had notice of his death; and that said certificate of insurance is the property of the plaintiff."

(3) Assignments of error numbered from 2 to 12, inclusive, challenge the ruling of the trial court as to the competency of jurors Douglas, Kirkpatrick, Dees, and Mills, for that, in response to questions propounded to the jurors upon their voir dire to ascertain if any of them were members of the defendant order, said jurors on the panel answered that they "were members of the defendant order;" and one of these jurors, Dees, against defendant's objection and exception, became a member of the jury trying the cause.

In *Calhoun County v. Watson,* 152 Ala. 554, 44 South. 702, a suit against the county to recover ex officio services by the clerk of the circuit court, challenges were sustained of jurors who were in the employment of the county commissioners as such. The court held that trial judges cannot be too zealous in ridding the jury of men whose interest and environment is calculated to sway them in the slightest degree. The fact that the jurors excused by the court were employed by the commissioners might be but slight incentive to bias, yet it was the action of the commissioners that was being assailed by this suit.—*Louisville & Nashville R. Co. v. Young,* 168 Ala. 551, 53 South. 213; *Stennett v. City of Bessemer,* 154 Ala. 637, 45 South. 890.

In *Woodmen of the World v. Wright,* 7 Ala. App. 255, 60 South. 1006, questions were propounded to the jurors to ascertain if either was a member of the defendant order, and the exception was reserved by the defendant to such qualification by the court. It was held that the question touching such membership and, of necessity, their qualification, was proper.

In *Stennett v. City of Bessemer, supra,* it was held that the court was justified in excusing a juror who had a similar case against the defendant, because "the law implies a bias;" and in *L. & N. R. Co. v. Young, supra,* the jurors in question were em-

ployees of the defendant, and the rule of bias implied by the law was sustained. In *Calhoun v. Hannan & Michael,* 87 Ala. 277, 6 South. 291, the court declined to put the trial court in error for refusing to sustain the challenge of a juror on the ground that he was "an employee of another party who had a similar suit in court." This case is clearly distinguishable from *Stennett v. City of Bessemer, supra.* The right of neither party, to a jury free from bias or interest, is lost or subjected to chance or peril, because a struck jury is demanded. *Dothard v. Denson,* 72 Ala. 541; *Lewis v. State,* 51 Ala. 1; *Davis v. Hunter,* 7 Ala. 135.

We are of opinion that the trial court committed error in not excluding the juror Dees upon the reasons controlling in the adjudged cases herein cited. It is true that in these cases the appeal was to review the action of the trial court in excusing jurors from the panel, or in sustaining challenges of jurors; but the same good reason upon which those decisions turned underlies the objection made in the case at bar.—*Martin v. Farmers' Mut. F. I. Co.,* 139 Mich. 148, 102 N. W. 656; *Delaware Lodge No. 1, I. O. O. F. v. Allmon,* 1 Pennewill (Del.) 160, 39 Atl. 1098.

(4) To authorize secondary proof of documentary evidence, a proper predicate must be laid, or due notice to produce be given under the statute.—Code 1907, § 4058; *Russell v. Bush, infra,* 71 South. 397; *Golden v. Conner,* 89 Ala. 598, 8 South. 148. The rule is that such notice be given as will enable a compliance therewith. The documents relating to the proof of death, in Omaha, Neb., could not be produced in Greenville on the day's notice.

The defendant will be prepared on another trial to comply with the demand for the production of these documents.

(5) The letter from defendant's general attorney may have tended to show notice of proof of loss received, or a waiver of formar proof, yet it was not competent to introduce the same in evidence for that purpose, over the objection and exception of defendant. It was a confidential communication between defendant or its agents and the general attorney of defendant, containing privileged matter.—*Ganus & Co. v. Tew,* 163 Ala. 358, 50 South. 1000; 7 Mayfield's Digest, 331.

(6) There was no error in the refusal of the court to admit the hearsay declarations of witness Kern and witness Pierce.

(7) The predicate was sufficiently laid for the admission of the secondary evidence of the contents of the note taken from the body of the deceased by the attending physician, and given

[Sovereign Camp W. O. W. v. Ward.]

to the witness.   He had the subpœna duces tecum, and stated in response thereto that he did not have the paper after carrying it home and laying it aside.—7 Mayfield's Digest, 331.

(8) No error was committed in excluding that part of the answer of Dr. Hawkins that "he committed suicide." This was the question of fact made a material inquiry in the case—the manner and cause of decedent's death.   Whether by accident or suicide was the issue, and the fact could not be shown by such declarations.

(9) The inquiry was pertinent whether the decedent was addicted to drink immediately preceding his death.   Under the plea setting up the suicide exemption of the contract of insurance, this evidence should have been allowed for the consideration of the jury in connection with any recent declarations of decedent, sought to be shown, relative to this unfortunate habit, if such existed, and his effort and purpose to abstain therefrom.

(10) The affirmative charge was properly refused.   These were questions of fact, for the decision of the jury.—*Woodmen of the World v. Wright,* 7 Ala. App. 255, 60 South. 1006.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD and SOMERVILLE, JJ., concur.   ANDERSON, C. J., concurs in the conclusion and opinion, except in the holding that there was reversible error in not excusing the juror Dees, because a member of the defendant order.   He thinks that the court could well have excluded this juror, but that the defendant was not prejudiced by having a juror who was a member of its order, and whose bias, if any there was, was favorable to the defendant.