(97 South. 728)

**CITY OF BIRMINGHAM v. LANE.
(6 Div. 821.)**

(Supreme Court of Alabama. Oct. 18, 1923.)

1. Appeal and error ⬅856(5)—Judgment granting new trial will be sustained, if any ground of motion supports judgment.

If any proper ground of a motion for a new trial will support the judgment granting a new trial, that judgment will be sustained on appeal, notwithstanding the trial court may have based its action on an improper ground.

2. Appeal and error ⬅968—Jury ⬅109— Trial court's action in excusing or failing to excuse juror not reviewable if action is not arbitrary.

When a juror is shown to be an unsuitable person to serve, the trial court should discharge him not arbitrarily, but for a good purpose in the interest of justice, and where he exercises that duty in that manner his action is not reviewable.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. New trial ⬦⟹42(1)—Disqualification of juror not known to injured party constitutes ground for new trial.**

Where a juror's disqualification was not known to the injured party, the disqualification is ground for a new trial.

**4. New trial ⬦⟹42(4)—Granting of new trial for disqualification of juror held not reversible error.**

Granting a new trial in an action against a municipality on the ground that a juror unknown to plaintiff and his counsel until after verdict, was an employé, agent, or representative of defendant municipality, holding a commission thereunder, *held* not reversible error.

**5. New trial ⬦⟹157—Taking part of evidence on motion viva voce held not error.**

Where a motion for a new trial was duly made and called to the attention of the court within the time required by law, the court did not commit reversible error at the hearing of the motion by taking a part of the evidence viva voce.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action by Ethel E. Lane against the City of Birmingham. From an order or judgment granting plaintiff's motion for a new trial, defendant appeals. Affirmed.

W. J. Wynn and W. M. Woodall, both of Birmingham, for appellant.

A new trial is improperly granted on the ground that one of the jurors was at the time an employé of the city. 24 Cyc. 268; Scranton v. Gore, 124 Pa. 595, 17 Atl. 144; Boston v. Baldwin, 139 Mass. 315, 1 N. E. 417; Lancaster Co. v. Lancaster City, 170 Pa. 108, 32 Atl. 567; Anderson v. Fowler, 48 S. C. 8, 25 S. E. 900; State v. Foster, 150 La. 971, 91 South. 411. Oral testimony introduced by plaintiff on her motion setting forth facts dehors the record, was illegal and inadmissible. Circuit court rule 22, Code 1907, p. 1522; 20 R. C. L. 308; Smith's Adm'x v. Middlesboro Elec. Co., 164 Ky. 46, 174 S. W. 773, Ann. Cas. 1917A, 1164; State v. Wilson, 42 Wash. 56, 84 Pac. 409, 7 Ann. Cas. 418.

John W. Altman, of Birmingham, for appellee.

A servant is not qualified as a juror in the master's case. Citizens' Light Co. v. Lee, 182 Ala. 561, 62 South. 199; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; Brazleton v. State, 66 Ala. 96; Ammons v. State, 65 Fla. 166, 61 South. 496; State v. Addison, 134 La. 642, 64 South. 497; Proffatt, Jury Trial, 177, p. 231; 1 Thompson, Trials, 59; Walsingham v. State, 61 Fla. 67, 56 South. 195; Respublica v. Richards, 1 Yeates (Pa.) 480; Guthrie v. Shaffer, 7 Okl. 459, 54 Pac. 698; Goodrich v. Burdick, 26 Mich. 39.

THOMAS, J. The appeal is from the action of the trial court in granting a new trial on plaintiff's motion.

[1] If any proper ground of the motion, under the evidence before the court, will support the judgment in granting a new trial, the same will be sustained, and this is the rule, although the trial court may have based its action on an improper ground. Choate v. A. G. S. R. R. Co., 170 Ala. 590, 54 South. 507; Jones v. Jefferson County, 206 Ala. 13, 89 South. 174.

It will not be necessary to indulge in a discussion of the rules governing the granting or refusal of such motions. Cobb v. Malone, 92 Ala. 630, 9 South. 738; N., C. & St. L. R. R. Co. v. Crosby, 194 Ala. 338, 70 South. 7.

[2] It is sufficient to say that a trial court should excuse a juror when he is shown to be an unsuitable person to serve; in discharging the duty of passing on the qualification of jurors there should not be an arbitrary exercise of that power, but should be "apparently for a good purpose in the interest of justice." And where that duty is thus exercised by a trial court, such action will not be reviewed. State v. Marshall, 8 Ala. 302; Fariss v. State, 85 Ala. 1, 4 South. 679; Griffin v. State, 90 Ala. 596, 8 South. 670; Williamson v. Mayer Bros., 117 Ala. 253, 259, 23 South. 3; Schieffelin v. Schieffelin, 127 Ala. 14, 28 South. 687; K. C., etc., Co. v. Ferguson, Adm'r, 143 Ala. 512, 39 South. 348; Barden v. State, 145 Ala. 1, 9, 40 South. 948.

[3] It is further established that, if the injured party had notice of the disqualification of the juror, and did not invoke the action of the court to eliminate such juror, such party may not thereafter effectively use such disqualification for the purpose of procuring a new trial. Brown v. State, 52 Ala. 345, 348; James v. State, 53 Ala. 380; Oliver v. Herron, 106 Ala. 639, 17 South. 387. It follows that where there was such disqualification, which was unknown to the injured party, the same may be made the basis of a motion for a new trial. In Leith v. State, 206 Ala. 439, 441, 90 South. 687, it was declared that a juror's consideration of a prejudicial extrinsic fact during deliberation was properly presented for the consideration of the trial court by a motion for a new trial. The court said:

"The jury system, as a time-honored institution of the common law, and under the Constitutions and the statutes, is dependent upon a fair trial by jurors, without bias or prejudice for or against either party litigant or the state or the defendant. Our statutes have been enacted to safeguard this right, which can only be secured by unbiased jurors. Sovereign Camp v. Ward, 196 Ala. 327, 71 South. 404; Calhoun County v. Watson, 152 Ala. 554, 44 South. 702; L. & N. R. R. Co. v. Young, 168 Ala. 551, 53 South. 213; Stennett v. City of Bessemer, 154 Ala. 637, 45 South. 890. And

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

it has been often held by this court that the right of neither party to a jury free from bias or interest is lost, or subjected to chance or peril, because a struck jury is demanded."

In the case of Woodmen of the World v. Alford, 206 Ala. 18, 89 South. 528, the disqualification of the judge by reason of membership in defendant beneficial society was considered, and it was declared that, in an action on a fraternal benefit certificate, a member of such order having such a certificate had an interest which disqualified him upon the objection of the defendant. Sovereign Camp W. O. W. v. Ward, 196 Ala. 327, 71 South. 404.

In Burdine v. Grand Lodge of Alabama, 37 Ala. 478, 481, Judge Stone said:

"It is certainly a good and wholesome rule, which should be strictly regarded, that any pecuniary interest, even the smallest, in the event of the suit, will disqualify a person from serving on the jury charged with its trial. This rule is necessary as a protection to the public interest, and as a guaranty of that purity and integrity in the administration of the law, which alone can inspire respect for, and confidence in, our judicial tribunals."

In the case of Brazleton v. State, 66 Ala. 96, 98, Judge Brickell declared:

"Impartiality, freedom from bias or prejudice, capacity without fear, favor, or affection, a true deliverance to make between the accused and the state, the law demands as the qualification of a juror; and it is as essential as the impartiality of a judge. Relationship within certain degrees, whether of consanguinity or affinity, is an absolute disqualification. It is not only such relationship, but temporary relations, formed in the course of business, or in the intercourse of life, which may disqualify, whenever they may import a just belief of a want of impartiality—that a juror cannot stand indifferent, either from interest, or from the favor springing out of the relation. The master is not a qualified juror for the trial of his servant; nor the attorney for his client."

See, also, Proffatt on Jury Trials, § 177, p. 231; 1 Thompson on Trials, § 67, p. 59.

In C. L. H. & P. Co. v. Lee, 182 Ala. 561, 62 South. 199, the master was held not to be a qualified juror in the case of his servant, nor the servant in the master's case, nor the attorney in his client's case, nor the principal a qualified juror in the case of the agent, nor the landlord in the tenant's case, and vice versa. Clinton Min. Co. v. Bradford, 200 Ala. 308, 312, 76 South. 74. And in Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 South. 779, it was held that employés or persons interested in the casualty company insuring defendant were not qualified jurors.

In Crawford v. United States, 212 U. S. 183, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392, the question of qualification for jury service of an employé in the post office department of the government was considered, and it was held that the common-law rule was in force in the jurisdiction whence the inquiry came; that such an employé of the government cannot serve on the jury as against a challenge for cause in the trial of a criminal proceeding instituted by the government for postal frauds at another department. 16 R. C. L. 90 et seq., p. 273.

[4] The motion for a new trial contained, among other grounds, the following:

"(20) Because the Juror Joe Swatzell, who was one of the jurors trying this case, was at the time an employé, agent, or representative of the city of Birmingham, holding a commission thereunder, and same was unknown to the plaintiff, and to the plaintiff's counsel, at the time the jury was selected, and was not ascertained until after the verdict had been rendered."

We are of opinion that the trial court committed no reversible error in granting the new trial after a due hearing of the affidavits and witnesses viva voce "pro and con."

[5] The motion had been duly made and called to the attention of the court within the time required by law, and there was no reversible error committed at the hearing of the motion by taking a part of the evidence vive voce for and against the motion.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.